IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EDGAR DIAZ<br>    a/k/a "Hook,"<br><br>RICKEY ROLLINS<br>    a/k/a "lil Rick,"<br><br>DON JOHNSON<br>    a/k/a "Skanoodles"<br>    a/k/a "Noodles,"<br><br>    Defendants.<br>                               / | No. CR-05-00167 WHA (JL)<br><br>(Death Penalty Case)<br><br>**ORDER RESPONDING TO**<br>**GOVERNMENT'S MOTION**<br>**FOR A STAY PENDING RESOLUTION**<br>**OF APPEAL** |

       The Court has received the government's motion for a stay pending resolution of appeal. The government has requested Judge Larson to stay the production requirements set forth in his order, dated June 30, 2005. Judge Larson, however, is out of the district attending a judicial conference. In his absence, the government has asked the Court to issue a stay.

       The Court has read the government's motion. The motion appears to overlook that this Court previously issued an order, dated July 14, 2005, staying that part of Judge Larson's order requiring the government to disclose certain materials within fifteen days of that order. Therefore, it would appear that there is no need for Judge Larson or this Court to issue any further stay given that the only deadline falling soon is the 15-day deadline, already suspended, pending appeal. The government's motion is mystifying in this respect.

       Out of caution, however, this Court now stays any further requirement under the

1  June 30 order for the production of any material by the government until the appeal is
2  completed or upon further order of the Court.  This is, however, without prejudice to the
3  question whether the June 30 order is even appealable in light of Judge Larson's finding that
4  an
5  *ex parte* evidentiary hearing is necessary to resolve the government's security concerns.
6       This order is premised on the Court's assumption that the appeal process will run its
7  course during the time-frame identified at the last hearing.  If the process becomes protracted,
8  then this order may have to be revisited.

**IT IS SO ORDERED.**

Dated:  July 19, 2005.



WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

2