**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                          No. CR 05-0167 WHA

11              Plaintiff,

12     v.                                               **ORDER DENYING DEFENSE
                                                        MOTION TO BAR DEATH
13   EDGAR DIAZ, a/k/a "Hook," RICKEY                   PENALTY; ORDER TO SHOW
     ROLLINS, a/k/a "lil Rick," DON JOHNSON,            CAUSE RE CASE SCHEDULE;
14   a/k/a "Skanoodles," a/k/a "Noodles,"               ORDER EXCLUDING TIME;
     ROBERT CALLOWAY, a/k/a "Papa," and                 AND ORDER SETTING
15   DORNELL ELLIS, a/k/a "D Map,"                      NEXT COURT DATE**

16              Defendants.

17   _____/

18           The joint defense motion to prohibit the government from seeking the death penalty is

19   **DENIED**.  Although it is true that Section 3593(a) requires a notice of intent to seek the death

20   penalty, the statute only requires that the notice be given "a reasonable time before trial or

21   before acceptance by the court of a plea of guilty."  No trial date has yet been set and the

22   caselaw does not prescribe any set timetable.

23           The Court, however, joins (in part) in the frustration expressed by the defense over the

24   "moving target" aspect of the prosecution's practice of successive superseding indictments.  In

25   the Court's judgment, this case is in danger of spiraling out of control with both sides arguing,

26   at every turn, that "it is too soon" to even "discuss" a trial date even though the action has been

27   pending for six months.  It is impossible to tell from the submissions of counsel when, if ever,

28   they will be ready to discuss a trial date.  Given the expected size of this case — with more

accuseds to be named in the yet further superseding indictments now expected by October 27,

2005[*] — it will become harder and harder to clear the calendar of the hard-working counsel in

this case without active judicial supervision of the matter.  Therefore, the Court sets the

following schedule, subject to the comment invited below:

       1.    Any superseding indictment filed after **OCTOBER 31, 2005**, shall

presumptively result in severance of all thereafter-added defendants and/or

counts, subject to motion practice.

       2.    The government must file its final statutory Section 3593 notice no

later than **MARCH 24, 2006** (three weeks after the deadline proposed by the

prosecutor).  If the government does not do so, then any later notice shall be

presumptively stricken, subject to motion practice.  This date is set with the

understanding that, well before this date, the government prosecutors will submit

their capital recommendations to the United States Attorney and the Capital

Crimes Unit so as to leave reasonable time for timely defense submissions and

internal decisions.  The government has stated it will make its first submission by

the end of **NOVEMBER 2005**.  Both sides must act in a timely manner.  If they do

not, then this deadline or the sanction for missing it may have to be adjusted.

This deadline will provide more than ample time to prepare the case for the trial

date set below and to accommodate defendants added in October 2005.

       3.    As for discovery in aid of the defense submissions for the internal

authorization process, the Court has already ruled (by order dated August 26,

2005) concerning the extent to which discovery is or is not required.  Defendants

and their counsel are in the best position to know what defendants did or did not

do.  Counsel know the criminal histories of the accuseds.  They can investigate

their mental, education, and medical histories.  It is true that they do not have all

the discovery known to the prosecutors, but there is no right to such full-blown

discovery prior to the death-penalty authorization process.  In exercising

---

[*] Previously expected by "mid-August 2005," a date missed by the government.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   prosecutorial discretion, there is no constitutional requirement that the prosecutor

2   allow such input in the first place, much less supply full-blown discovery in aid

3   thereof.  Due process, of course, requires that the defense have a fair opportunity

4   to defend against the death penalty and all counts taken to trial.  The jury trial will

5   be the opportunity to do so.

6           4.      All motions to suppress and/or to dismiss and/or to sever (or any

7   other pretrial motions other than motions *in limine*) based on information known

8   to counsel by **APRIL 14, 2006**, must be filed by **APRIL 25, 2006**.  Once further

9   discovery is provided by the government or is otherwise obtained through diligent

10  investigation, any further motions based solely on such newly-learned

11  information must be brought within fourteen calendar days after the information

12  was learned by counsel.  Thus, for example, any severance motion must be

13  brought on April 25, 2006, based on information then known; a further motion

14  may be later brought after the discovery of new information after April 14, 2006.

15  This may invite somewhat overlapping and successive motions but it will avoid

16  an avalanche of motion practice at the end.

17          5.      The jury trial shall begin **JANUARY 8, 2007**, at **7:30 A.M.**  All

18  counsel, starting immediately, shall reserve the period up to the end of April 2007

19  to complete the trial and shall categorically avoid any other conflicting

20  obligations.  The final pretrial conference shall be at **2:00 P.M. ON DECEMBER 11,**

21  **12 AND 13, 2005**.  Trial motions *in limine* may be noticed for this hearing.

22  Motions for continuance may be heard at this time.  All motions for the

23  conference shall be filed in compliance with the local rule schedule.

24          6.      All counsel shall be responsible for bringing their motions for

25  discovery in sufficient time to allow for final decision and for follow-up

26  investigation to be completed in time for effective use.

27  By **SEPTEMBER 19, 2005**, all counsel are ordered to show cause in writing why the

28  forgoing schedule should not be finalized (in a joint submission if practical).  If any counsel

**United States District Court**
For the Northern District of California

1   claims any conflict in trial dates for the period January–April 2007, then he or she should give

2   the particulars in a declaration, including the name, court, and dates of any other cases already

3   set for trial in the same period.  All counsel shall state their views on whether time should be

4   excluded under the Speedy Trial Act so as to allow for the trial commencing January 8, 2007.

5   (No comment made in the submissions will be considered as a motion; motions must be

6   separately captioned and brought as "motions.")  If the defense requests an earlier trial date, then

7   the Court will accommodate the request as practicable (and, in fact, the Court would prefer a trial

8   commencing August 28, 2006, if not earlier).  Any such request, however, should be sincere,

9   meaning that any trial-date request made to accelerate the receipt of redacted discovery will not

10  automatically be followed by the granting of a continuance.  Any continuance request will have

11  to be judged on the merits.

12      With respect to discovery, the government is **ORDERED** to show cause on the same

13  schedule as above why it should not immediately disclose witness names where there is no

14  reasonable basis for fearing for the safety of the witness or the witness' family, such as (i) where

15  the witness is dead and (ii) where the information is wholly favorable to the defense, without

16  limitation.  Also, the government shall address why the redacted witnesses cannot at least be

17  identified as "W1, W2, W3 . . ." and so on as discussed at the hearing on September 7, 2005.

18                          *        *        *

19      The next calling of this case shall be **OCTOBER 5, 2005 (WEDNESDAY) AT 2:00 P.M.**

20                          *        *        *

21      The Court finds that the ends of justice are served by excluding time and granting a

22  continuance and the need therefor outweighs the best interest of the public and the defendants in

23  a speedy trial.  The Court finds capital prosecution is complex and unusual due to the number of

24  defendants, the nature of the prosecution, the existence of novel question of fact, and law and

25  case management.  It would be unreasonable to expect adequate preparation for trial and pretrial

26  without a continuance.  The Court also finds that all parties and counsel need the time for

27  effective preparation.  Therefore, the time between **SEPTEMBER 7, 2005**, and the next calling of

28  the case is hereby **EXCLUDED** from the Speedy  Trial Act calculation.  Any objection to this

4

exclusion must be filed in writing by **SEPTEMBER 16, 2005**.  (The government shall please seek and file a stipulation and order regarding the exclusion; the government is again reminded that it has the responsibility to track the time remaining under the Speedy Trial Act and seek all exclusions.)

       **IT IS SO ORDERED.**

Dated:  September 8, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California