IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR DIAZ, a/k/a "Hook," RICKEY ROLLINS, a/k/a "lil Rick," DON JOHNSON, a/k/a "Skanoodles," a/k/a "Noodles," ROBERT CALLOWAY, a/k/a "Papa," and DORNELL ELLIS, a/k/a "D Map,"<br><br>Defendants.<br>_____ / | No. CR 05-00167 WHA<br><br>**CASE MANAGEMENT ORDER SETTING TRIAL DATE AND OTHER KEY DEADLINES** |

To provide for the fair, efficient, and orderly progression of the case, the Court issued an order to show cause why a case management order with a schedule of dates should not be adopted. Having considered all of the responsive memoranda submitted by counsel, the Court sets the following schedule:

1. Any superseding indictment filed after **OCTOBER 31, 2005**, shall presumptively result in severance of all thereafter-added defendants and counts, subject to motion practice.

2. Motions to dismiss or otherwise directed at the face of the superseding indictment anticipated by October 31, such as motions to dismiss the racketeering or other charges, to dismiss for pre-indictment delay, for a bill of particulars, to strike surplusage or to sever under Rule 14(a) must be filed by **DECEMBER 6, 2005**.

      3.      By **NOVEMBER 28, 2005**, counsel shall confer on a form of protective order (including points set forth in the order dated August 26, 2005). By **DECEMBER 6, 2005**, counsel shall submit the proposed form of order.

      4.      The government must file its final Section 3593 notice no later than **MARCH 24, 2006**.

      5.      Any motions challenging the constitutionality of the federal death-penalty statute or to its application to the indictment must be filed by **APRIL 4, 2006**.

      6.      Any motions for discovery directed to jury composition must be filed by **APRIL 4, 2006**. Any substantive motions challenging the jury composition or procedures for qualifying, summoning or selecting potential jurors must be filed by **MAY 31, 2006**.

      7.      Motions to suppress evidence based on facts that are known to counsel by March 24, 2006, must be filed by **APRIL 4, 2006**. Any notice of a defense covered by Rule 12.2 must be given by **APRIL 4, 2006**.

      8.      All counsel must file by **APRIL 4, 2006**, a complete list of all motions they intend to bring for which they are reasonably on notice of the grounds therefor. To the extent they are not already covered by this order, the Court will modify the schedule to take them into account.

      9.      Motions for severance of defendants or counts must be filed by **SEPTEMBER 5, 2006**.

      10.      Motions to contest the admissibility of any alleged co-conspirator statements known to counsel by August 31, 2006, must be filed by **SEPTEMBER 5, 2006**.

      11.      By **OCTOBER 6, 2006**, the government must disclose all Rule 404(b) evidence it intends to use in its case-in-chief. Any motions to exclude such evidence shall be filed by **OCTOBER 17, 2006**.

12. Disclosure or access to all expert and scientific reports and summaries as required by Rule 16(a)(1)(F) and (G) and Rule 16(b)(1)(B) and (C) must be provided by **NOVEMBER 9, 2006**. Such materials that is ready earlier must be supplied by the government sooner as per Judge Larson's discovery order.   13. Motions to challenge the admissibility of any expert or scientific reports and summaries must be filed by **NOVEMBER 14, 2006**.

14. The final pretrial conference shall be at **8:00 A.M. ON DECEMBER 11, 2006**, and shall continue, as needed, until 4:00 p.m. each day for the remainder of the week, beginning each day at 8:30 a.m. Trial motions *in limine* may be noticed for this hearing. Motions for continuance may be heard at this time, but will be granted only upon a showing of good cause.

15. The jury trial shall begin **JANUARY 8, 2007, AT 7:30 A.M**. Starting now, counsel shall reserve the entire period from January 8, 2007, through June 29, 2007, for the trial. This will be adjusted to a shorter period if the government elects not to seek the death penalty. Counsel shall refrain from taking on new obligations that would interfere with counsel's ability to provide effective representation on the schedule set forth herein.

16. Unless specially set, all motions shall be noticed for hearing four weeks after the filing date with the opposition due two weeks before and the reply one week before the hearing. Counsel can notice a motion for any Tuesday afternoon at 2:00 p.m., consistent with this schedule. All motions must be in writing with a title on the document, identifying the relief sought. It is not enough to bury a request or motion in the middle of a memorandum filed on some other subject. The reason for this requirement is so that the Court (and the other side) will be aware of the specific relief requested and can calendar the motion.

17. All counsel shall be responsible for bringing their motions for discovery in sufficient time to meet this schedule and for follow-up investigation to be completed in time for effective use. If counsel has reason to believe a

3

discovery violation has occurred, they shall meet and confer with the other side. If counsel intends to file any motion on such alleged violations, they shall file it as soon as possible before Judge Larson.

This schedule may be modified by formal motion for good cause. This schedule has been set so that new counsel for any defendants added by the anticipated superseding indictment will have time to prepare for trial. Such new counsel may, however, move to modify the schedule, if they do so promptly.

**IT IS SO ORDERED.**

Dated: September 27, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE