1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,                    No. CR 05-00167 WHA

11              Plaintiff,

12   v.                                           **ORDER RE LETTERS DATED**
                                                  **DECEMBER 7 AND 8, 2005**
13   EDGAR DIAZ, RICKEY ROLLINS, DON
     JOHNSON, ROBERT CALLOWAY,
14   DORNELL ELLIS, EMILE FORT,
     CHRISTOPHER BYES, PARIS RAGLAND,
15   RONNIE CALLOWAY, ALLEN
     CALLOWAY, and REDACTED
16   DEFENDANTS Nos. ONE & TWO,

17              Defendants.

18   _____/

19

20          The Court has received the letters dated December 7 and 8 from Mr. Thorman, from Mr.

21   Cline and from Messrs. Kearney and Cutler, jointly.  The letters are not motions.  The Court has

22   asked counsel in this case to be clear in seeking relief by filing formal motions.  By this order,

23   all counsel are on notice that letters will NOT be treated as formal motions.

24          *                          *                          *

25          The letters indirectly concern the deadline of March 24, 2006.  The government

26   previously represented that it would be able to (and would) file its final 18 U.S.C. 3593(a)

27   notice by March 24, 2006.  That was then memorialized in the scheduling order dated October

28   6, 2005.  In the Court's view, this deadline provided ample time for everyone to have their say

in the DOJ's internal capital-review process, including for defendants added on or before

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    October 31, 2005, as was Mr. Thorman's client.  The government agreed.  All then counsel

2    agreed at the time.

3         The internal DOJ process is just that — *internal* to the exercise of prosecutorial

4    discretion by the DOJ.  It is not part of the judicial process.  The only part that involves the

5    judicial process is the final statutory notice under Section 3593(a).  There is no constitutional or

6    statutory right for the defense to have any input.  There is no right to discovery in aid of the

7    internal DOJ procedure.  Rather, the DOJ, as a matter of grace (via the United States Attorney's

8    Manual), allows defense counsel to provide input as to whether the death penalty should be

9    sought.  If the government wishes to take away the opportunity for input or to impose prompt

10   deadlines for defense submissions of input, then the government may do so, there being no

11   constitutional or statutory right to provide the input in the first place.  This Court has no power

12   to control the internal DOJ deadlines and procedure.  Accordingly, it would seem futile to hold

13   a status conference, as requested, to quarrel over the DOJ deadlines for its internal process.

14        No letter has asked that the March 24 deadline be extended.  Mr. Cline states that he

15   plans to do so.  If his client, Mr. Robert Calloway, or any other party seeks to extend the

16   deadline, then a formal motion setting forth good cause must be filed and heard in the normal

17   course, supported by declarations.

18

19        **IT IS SO ORDERED.**

20

21   Dated:  December 8, 2005                                 _____

22                                    WILLIAM ALSUP

                                   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28