IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-0167 WHA |
| Plaintiff, | |
| v. | **ORDER SETTING TRIAL DATE AND SCHEDULE FOR MOTIONS** |
| EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO, | |
| Defendants. | |

This case will be tried starting with jury selection on **JANUARY 22, 2007**. The final pretrial conference will begin on **NOVEMBER 27, 2006**, and will continue day-to-day as needed to complete.

To prepare for trial, this order contemplates three basic pretrial stages (without prejudice to special adjustments to accommodate unexpected circumstances). The first stage of motions will be directed to matters directed to the face of the operative indictment as well as the other motions set forth below. The second stage will be directed at expert/*Daubert* issues, motions to suppress, and other motions set forth below. The last stage — the final pretrial conference — will be directed at other severance motions, motions to exclude co-conspirator statements and the motions set forth below.

**STAGE ONE:**

On (or before) **MAY 31, 2006**, all defendants must file any of the following motions or deem them waived (absent good cause for a later filing):

- Rule 8 severance motions.
- Motions for bills of particulars.
- Motions alleging any defect in instituting the prosecution.
- Motions to dismiss the operative indictment for any reason based on the face of the pleading, including without limitation, double-jeopardy grounds and any challenge to any legal basis for various charges, including under the RICO statute or the *Petite* policy.
- Motions alleging selective prosecution.
- Motions for discovery of jury-composition records.

The oppositions must be filed within 14 calendar days. Any replies must be filed within one week thereafter. The hearing will be on **JUNE 28, 2006, at 8 AM.**

**STAGE TWO:**

On or before **AUGUST 2**, all defendants must file any of the following motions or deem them waived (absent good cause for a late filing):

- *Daubert* motions directed at any government expert witness. To tee this up, the government must complete and provide all summaries and reports on all experts including gang experts, autopsy, DNA, serology, fingerprint, narcotics, ballistics and so on no later than April 26, 2006, with all foundational data provided by May 31, 2006. All defense expert reports and summaries shall be provided by September 8, 2006.
- Any other motions relating to government experts.
- Any suppression motions for which counsel is on fair notice of the grounds therefor.
- Motions for disclosure of informants.

The opposition must be filed within 14 calendar days. Any replies must be filed within one week thereafter. The hearing will be on **AUGUST 30, 2006, AT 8 A.M.**

**FINAL PRETRIAL CONFERENCE:**

For the final pretrial conference, defendants and the government must file any motions in limine as well as any of the following:

- Motions to exclude co-conspirator statements and/or for severance (other than Rule 8 severance).
- Government *Daubert* motions or other motions directed at defense experts.
- Motions to exclude/include Rule 404(b) acts; to tee this up, the government must disclose all proposed Rule 404(b) material by October 24, 2006, and any motion to exclude must be filed by November 13, 2006, with any opposition due November 20.

The above must be filed on November 6 with oppositions due November 20 (no replies). One exception shall be allowed. Due to the disclosures expected 90 days before trial relating to theretofore-redacted material, any motion in limine directed exclusively at such 90-day disclosed material may be filed 21 days after the government has made the material available, with oppositions due *one* week later (not two weeks) with no replies. Hearings shall be set as appropriate.

\*     \*     \*

Any motion may always be brought *before* the deadlines set forth above. Any motions not set forth above should be filed promptly after counsel knows or should know about the grounds therefor. Any motion challenging the constitutionality of the death penalty or the sufficiency of the notice must be made within 35 calendar days of the notice by the government of an intent to seek the death penalty.

Beginning immediately after Judge Larson's order on the pending discovery motions, all discovery motions shall be filed before the undersigned. The purpose for withdrawing the reference to the magistrate judge will be to expedite resolutions as we approach trial.

3

Government counsel (Mr. Kearney) stated that he personally would go to the Hall of Justice and other local facilities as needed to determine whether all police reports and evidence in the possession of local authorities have been collected and turned over as appropriate to defense counsel. This review and disclosure, he said, would be finished by April 12, 2006. He also said that government counsel would, by April 19, 2006, complete a review of all form 302's for disclosure and turn over all that do not identify civilian witnesses. It is so ordered.

**TRIAL:**

At a minimum all non-capital defendants will go to trial **ON JANUARY 22, 2007, AT 7:30 A.M.** For the time being, the capital defendants will be tried with the non-capital defendants. However, given the considerations ventilated at the March 29 hearing, the Court may eventually sever the capital defendants for a later trial. If so, that trial would begin on **JUNE 18, 2007, AT 7:30 A.M.**, with a final pretrial conference on **MAY 21, 2007, AT 9 A.M.** That pretrial conference would be directed to issues unique to the capital issues. All trial issues in common with the non-capital defendants must, at all events, be briefed and argued in connection with the earlier pretrial conference for the first trial.

Mr. Cline (counsel for Robert Calloway) has a separate two-week trial on January 8, 2007. *If* that conflict persists as we approach January 22, and *if* all defendants in our case will be tried together (Mr. Calloway being death-eligible at the moment), then a short trial continuance to February 5 will be entertained.

The Court recognizes that counsel Mazer and counsel Moorman may have trial conflicts for the first quarter or so of 2007. This Court, however, expects that one or the other of the two will be free by the time it matters. Their client is no longer death-eligible, so only one lawyer need be appointed anyway. Therefore, defendant Rickey Rollins and his counsel must be prepared to go to trial on **JANUARY 22, 2007**.

Mr. Lew (for defendant Byes) also fears that he will have a conflict in going to trial on January 22 due to a multi-month trial already set for January 8. If this conflict persists as we approach trial, then we will consider a continuance. Given how little Mr. Lew says he has done in the case, the Court requests that he consider whether he should bow out of this case and allow

4

1  the Court now to appoint a lawyer free and clear for trial January 22. Mr. Lew should advise the
2  Court by *ex parte* letter by April 10.

3       As to all three of the defendants (Rollins, Johnson and Ellis) who recently moved from
4  death-eligible status to non-death-eligible, we will allow both counsel to continue for a transition
5  period. Counsel, however, should develop a plan for shifting the entire trial responsibilities to
6  one counsel only. Other non-eligible defendants have only one counsel. The size of the trial
7  will be more manageable with only one lawyer per defendant. At least through Stage One
8  motions (and hearings), however, both counsel will remain appointed to allow for a smooth
9  transition. The issue of fee amount will be handled separately.

11  **IT IS SO ORDERED.**

13  Dated: March 30, 2006.

                        WILLIAM ALSUP
                        UNITED STATES DISTRICT JUDGE