UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-0167 WHA (JL) |
| Plaintiff, | |
| v. | **ORDER REGARDING DISCOVERY COMPLIANCE** |
| EDGAR DIAZ, ET AL., | |
| Defendants. | |

## INTRODUCTION

On March 23, 2006 this Court heard argument on Defendants' Motion for Compliance with Discovery Orders (Philipsborn and Thomson on behalf of Defendant Don Johnson), Motion for Discovery (Cline and Chazin on behalf of Defendant Robert Calloway), and the Government's Motion for Reciprocal Discovery.

All defendants appeared, represented by counsel. All Defendants joined in the motions.

The United States was represented by Philip Kearney, Richard Cutler, and Krista Tongring.

The Court heard argument from all counsel, considered the papers filed in connection with these motions, and reviewed the case file.

The undersigned also attended the trial setting conference conducted by Judge Alsup, also in the presence of all Defendants and Counsel, on March 29, 2006. Following that proceeding, Judge Alsup filed an Order setting a trial date and schedule for motions, which also covers some of the matters raised before this Court on March 23rd.

## BACKGROUND

This case now involves 10 defendants. Five were originally declared death - eligible; two remain eligible. The indictment was most recently superceded on October 27, 2005, alleging 86 counts against a total of 12 defendants. (Two defendants are fugitives.)

Three separate discovery orders have been filed in this matter, first by this Court on June 30, 2005, after which Judge Alsup partially modified this Court's Order and addressed several other matters in an Order dated August 26, 2005. Subsequently Judge Alsup clarified that Order on December 2, 2005. Judge Alsup has also filed Scheduling Orders on October 6, 2005 and March 30, 2006, which also address discovery issues.

Assistant United States Attorney Kearney, at the March 23rd hearing, as well as in his papers, outlined the governments "layered" response to defense requests for discovery, consisting of 15 separate disclosures amounting to approximately 15,000 pages and 22 cds, and nearly 500 digitized telephone calls. In addition, the Government has furnished forensic reports, the production of which is largely the function of one individual employed by the San Francisco Police Department. However, no DNA or GSR reports have been turned over yet. Some Gang Task Force materials have been produced. Much of the material turned over is redacted to prevent premature disclosure of witnesses' names or identifying information. No Jencks or Brady material has been produced thus far.

The chief complaint of the defendants at the March 23rd hearing is that, in spite of the voluminous production, counsel are largely unable to discern the specifics of the charges against their clients. In many instances, in spite of homicide allegations against them in the indictment, individual defendants are unable to determine who their accusers are and the evidence which supports the charges.

1    The Government has previously asserted, and both this Court and Judge Alsup have
found, that a substantial risk of retaliation against potential witnesses exists in this matter.
While this Court offered in its June 30, 2005 Order to conduct further proceedings to
determine the extent of the risk to various witnesses' and attempt to fashion a protective
order which would permit early release of witness information, the Government has
declined to take up this offer.  Such a request was renewed by one or more defendants at
the March 23rd hearing.

    Counsel for Defendants also stated at the hearing that much of the forensic material
which they have received is incomplete, difficult to interpret, and unconnected to particular
defendants.  They report that production has been slow, and what has been turned over
often relates to incidents or analyses which occurred months or years ago.  In response,
the Government noted that Mr. Sanchez, who is primarily responsible for the preparation of
forensic reports, has been hindered in his efforts to do so.

    In general, defense counsel state that until the Government elects to produce
unredacted reports, identify witnesses, produce witness statements and impeachment
materials, they are unable to prepare effectively for trial.  Judge Alsup's Orders of August
26th and December 2, 2005, state that if the Government elects to disclose *Jencks/Brady*
material early, in order to avoid the possibility of mid-trial continuances, it should do so at
least 90 days before trial.  Otherwise, the Government has indicated it will disclose witness
statements and information two weeks before trial.

    This Court suggested, which is not binding, that the Government consider making
individual proffers to each defendant's counsel, pursuant to a protective order, either in
generic or specific form, which will enlighten counsel somewhat with respect to the number
of witnesses, their general relationship to the accused, opportunity to observe the
defendants activities, and the supporting forensic evidence.

    At the scheduling hearing before Judge Alsup, AUSA Kearney stated that United
States' counsel are in the process of reviewing all the police reports, in order to determine
whether or not less drastic redactions are possible.  Mr. Kearney also stated that the

1  Government is turning over forensic reports as soon as they get them, in compliance with
2  this Court's previous Order requiring production within 15 days of receipt or 60 days before
3  trial at the latest. Mr. Kearney assured the Court and counsel that his review and
4  disclosure of police reports and evidence in the possession of local authorities would be
5  completed by April 12 and his review of all form 302's by April 19th. Judge Alsup has
6  adopted these dates.

**ISSUES AND ANALYSIS**

1. Expert reports and foundational data: Judge Alsup in his March 30, 2006 Scheduling Order, directed the government to complete and provide all summaries and reports of all experts, including gang experts, autopsy, DNA, serology, fingerprint, narcotics, ballistics and so on no later than April 26, 2006, with all foundational data provided by May 31, 2006. All defense expert reports and summaries shall be provided by September 8, 2006.

Judge Alsup's Order necessarily requires the Government to direct all law enforcement agencies cooperating in this prosecution - - including but not limited to, the San Francisco Police Department, San Francisco Sheriff's Office, Alameda County Sheriff's Office, California Department of Corrections/Paroles, and San Francisco Probation Department to search their files for any such materials, prepare appropriate reports promptly and turn over foundational materials.

Judge Alsup's Scheduling Order appears to deal with all of defense counsel's problems expressed at the March 23rd hearing in this Court. The Court observes that, contrary to the government's representations at the hearing, it somewhat strains credulity to assert that the Gang Task Force of the San Francisco Police Department has not prepared any comprehensive intelligence reports with respect to the Down Below Gang, which is the subject of this prosecution. Counsel for the Government has stated that they will review the Gang Task Force files in order to determine whether or not any additional material exists which requires disclosure.

1    With respect to foundational material Judge Alsup's Order stands as the law of this case. This Court reviewed *United States v. Iglesias*, 881 F.2d 1519 (9th Cir. 1989), as well as several cases proffered by defense counsel. While the majority in *Iglesias* rendered a limited interpretation of Rule 16, the dissenting opinion appears to have prevailed in other cases, for example, *United States v. Cedano-Arellano,* 332 F.3d 568 (9th Cir. 2003). See also *United States v. Yee,* 129 F.R.D. 629 (N.D. Ohio 1990); *United States v. Liquid Sugars, Inc,* 158 F.R.D. 466 (E.D. California 1994) and *United States v. W.R. Grace,* 233 F.R.D. 586 (D. Montana 2005); and *United States v. Siegfried*, 2000 WL 988164 (N.D. Ill. 2000) - - all of which granted such discovery. The court in *Siegfried* pointed out that a pre-trial motion for discovery may well be considered differently from a post-conviction claim of prejudicial error, which was the situation in *Iglesias*.

2.   Redactions: Judge Alsup in his March 30 Scheduling Order, at page 4, notes that Mr. Kearney stated that he personally would go to the Hall of Justice and other local facilities as needed to determine whether all police reports and evidence in the possession of local authorities have been collected and turned over as appropriate to defense counsel. This review and disclosure shall be completed by April 12, 2006. He also stated that all 302's shall would be reviewed by April 19th for disclosure of those which do not identify civilian witnesses.

Hopefully, this will afford some relief to defense counsel between now and 90 days before trial, at which point, pursuant to the Court's previous order, unredacted reports are to be disclosed. This Court calculates the 90 day deadline as **October 25, 2006**.

3.   Telephone Records: The Court previously ordered that all telephone records - - including billing, transcripts and related information - - shall be disclosed within 15 days of receipt or no later than 60 days before trial. The Government is ordered as part of its review of the evidence held by cooperating law enforcement agencies, to cause a search for all such material held by outside agencies and disclose it to the defense no later than April 19th.

4. Witness Identification and Statements: Judge Alsup has previously ordered that witnesses be identified and their statements disclosed no later than 90 days before trial, which would be October 25, 2006.  If the Government elects to observe a strict interpretation of *Jencks*, disclosing statements two weeks before trial or later, a continuance of the trial may result.

In his clarifying Order of December 2, 2005, Judge Alsup recited his interpretation of *Jencks* material with the observation that there should not be much of it.  However, comments by government counsel at the March 23 hearing before this Court indicate there may still be some confusion about the definition.  For example, if the paraphrased statement of a witness is contained within the report of a law enforcement witness, apparently the substance of the statement within a report is being withheld.  This is an improper interpretation of *Jencks*, since such materials are neither signed or adopted by the declarant, substantially verbatim and recorded contemporaneously.  18 U.S.C. § 3500 (e)(1)-(3).  However, if any indirectly recorded statements of witnesses raise security issues, presumably, the material may be withheld until 90 days before trial, or October 25, 2006, subject to further proceedings regarding security issues as to particular defendants or witnesses.

5. Statements of Defendants: Mr Goldrosen, counsel for Defendant Ellis mentioned his concern at the March 23 hearing before this Court, that statements of the defendants made to other witnesses are being withheld improperly.  If this is true, counsel's point is well taken.  Rule 16(a)(1)(A)(b) unequivocally requires such statements to be disclosed. Statements by one co-defendant incriminating another co-defendant (*United States v. Pascual*, 606 F.2d 561 (5th Cir. 1979), pre-arrest statements made by a defendant during the course of a crime (*United States v. Crisona*, 416 F.2d 107, 114-15 [2nd Cir. 1969]), and correspondence to a third party (*United States v. Caldwell*, 543 F.2d 1333, 1352-53 [D.C. Cir. 1979]), are examples of defendants' statements which must be turned over forthwith.  Similarly, reports summarizing interviews and memoranda containing the

substance of oral statements are also within the scope of Rule 16. *United States v. Johnson*, 525 F.2d 999 (2nd Cir. 1975), and *United States v. Walk*, 533 F.2d 417, 418 (9th Cir. 1975). Accordingly, any such statements of a defendant are ordered to be disclosed forthwith, and the Government is directed to inquire of all cooperating law enforcement agencies whether such materials exists by the April 19 deadline.

      6.    Gigilo/Brady: Judge Alsup has previously ordered the disclosure of such information at least 90 days before trial or October 25, 2006.

      7.    Reciprocal Discovery: Judge Alsup's Order of March 30, 2006, requires defense counsel to disclose all defense expert reports and summaries by September 8, 2006. Other requests for reciprocal discovery appear to be premature at this time.

      8.    Sanctions: The purpose of setting deadlines for discovery is to establish a bright line, after which a failure to disclose may yield sanctions. Any request for sanctions must be noticed separately from a motion to compel compliance and should be addressed to the trial court.

      9.    Future Motions for Discovery: Judge Alsup directs in his March 30 scheduling order that all discovery motions filed hereafter shall be noticed before the trial court. Any objections to this order should also be addressed to Judge Alsup.

DATE: April 6, 2006

_____
JAMES LARSON
Chief Magistrate Judge