1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,                    No. C 05-00167 WHA

11              Plaintiff,

12      v.                                         **ORDER RE MOTIONS FOR
                                                   RECONSIDERATION AND FOR
13   EDGAR DIAZ, RICKY ROLLINS, DON                RELIEF FROM MAGISTRATE
     JOHNSON, ROBERT CALLOWAY,                     JUDGE LARSON'S DISCOVERY
14   DORNELL ELLIS, EMILE FORT,                    ORDER**
     CHRISTOPHER BYES, PARIS RAGLAND,
15   RONNIE CALLOWAY, ALLEN
     CALLOWAY, and REDACTED
16   DEFENDANTS Nos. ONE & TWO,

17              Defendants.

18   _____/

19          By order dated March 30, 2006, this case was set for trial on January 22, 2007, with the

20   express possibility that all death-eligible defendants will be tried separately beginning June 18,

21   2007.  After a lengthy hearing devoted to scheduling, motions and trial, the order also set forth

22   three stages of pretrial motions leading up to the trial.  Counsel for Emile Fort have requested

23   leave to move for reconsideration.

24          Emile Forte was added to the case by the last superceding indictment, which was handed

25   down October 27, 2005.  Counsel were appointed December 5, 2005, including both learned

26   and other counsel.  The deadline for the government to file its notice of intent to seek the death

27   penalty is September 22, 2006.

28          Prior to the hearing on March 29, counsel stated in an unsworn memorandum that they

     could not be ready for a trial on January 22, 2007, even if the case were not a death-penalty

**United States District Court**
For the Northern District of California

1  case.  The Court disagrees.  If the case is not a death case, counsel will have had almost

2  fourteen months to prepare for trial.  If it is a death case and goes to trial on June 18, 2007,

3  counsel will have had nineteen months to prepare.  These are in line with the national norms for

4  cases of this type, including capital cases.

5      It is true that a major project in the upcoming months will be to convince, or try to

6  convince, the Department of Justice to forego seeking the death penalty.  But that has been true

7  as well in federal capital cases elsewhere in America.  Yet these cases have been brought to trial

8  within nineteen months, on average.  One of the reasons that two counsel are appointed in

9  potential capital cases is so work on the penalty issue can proceed at the same time as work on

10  the traditional guilt issues.  But the penalty issue should not monopolize all other work on the

11  case, as counsel seem to assume.

12      If counsel are diligent in trying to meet the schedule set forth in the March 30 order and

13  are still inadequately prepared as trial approaches, as shown by sworn and detailed declarations

14  (rather than argument), a continuance will then be considered.  But it is premature to announce

15  now, without even trying to make the schedule work, that counsel expect to be unready for a

16  trial nine months away, at the soonest.

17      The Court has struggled with the management of this criminal action for more than a

18  year.  After much consideration, including input from all counsel at the March 29 hearing, the

19  Court is convinced that the March 30 order sets forth a fair and achievable schedule.  The Court

20  needs the assistance of all counsel in making it work.  The request to file a motion for

21  reconsideration is **DENIED**.

22                          *                *                *

23      The remainder of this order concerns the government's recent submission.  Its request to

24  file a motion for reconsideration is **GRANTED**.  The motion is **GRANTED IN PART AND DENIED**

25  **IN PART**.  Further briefing is requested.

26      The March 30 order is amended to narrow the Hall of Justice search due by April 12 to

27  the binders, boxes of evidence, and other materials referenced at page 13, lines 14–19, of the

28

Reporter's Transcript for the March 29 hearing.  The April 19 deadline is narrowed to the Form 302s and grand jury testimony referenced at page 14, lines 16–17.

Government counsel shall file, by April 17, a statement as to when counsel can, "as soon as possible," review all other reports and potential evidence in the possession of local authorities (as referenced at page 3, lines 23–24 and page 4, lines 6–7 of the motion for reconsideration).  Please also explain when the "several hundred more pages of gang files for additional DBG members" will be disclosed, which the memo says will be "as soon as possible."

With respect to the April 24/May 31 deadlines for experts reports and summaries and backup data, the order will remain unchanged.  Only for good cause will the government be allowed to augment late.  In ruling on any such later motion to augment, the Court will take into account all of the facts and circumstances, including the extent to which any attempted supplementation is small by comparison to the timely disclosures.

                                        *                *                *

With respect to the "clarifications" concerning Judge Larson's recent order, and the general issue of redactions in otherwise discoverable material, the Court wishes to better understand the scope of the problems.  To tee this up for the April 26 hearing:

1.      By April 17, 2006, defense counsel may file representative samples of redacted materials of up to 20 pages per defendant.

2.      By April 21, government counsel shall file under seal and *ex parte* the complete and unredacted versions of the materials filed by the defense, along with any memorandum explaining the need for the redactions.

3.      By April 21, government counsel shall also file under seal and *ex parte* an updated evidentiary record explaining, as to each defendant, why a witness security risk is presented that warrants the redactions and more generally warrants concealment of witness information.

4.      The general issue of redactions will be considered at the hearing on April 26.

**United States District Court**
For the Northern District of California

3

5.    To the extent not covered above, defendants shall respond to the government's other appeal points via submissions on April 17 with a reply due April 21.

**IT IS SO ORDERED.**

Dated: April 11, 2006

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4