IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO,<br><br>Defendants. | No. CR 05-0167 WHA<br><br>**ORDER MODIFYING ORDER DATED APRIL 6, 2006** |

The order dated April 6, 2006, held (at page 6) that pre-arrest statements made by a defendant during the course of a crime must be turned over forthwith, citing *United States v. Crisona*, 416 F.2d 107, 114–15 (2d Cir. 1969). This was error. Rule 16 now requires disclosure of defendants' statements only if they were made to known government agents or were "written or recorded statements." Oral comments by a defendant made to a witness (before or after arrest) are not "written or recorded statements." The latter phrase refers to such things as letters or e-mails written by a defendant or tape-recorded conversations with a defendant. *Crisona* held that verbatim tape-recordings should have been turned over. Although *Crisona* was under a different version of Rule 16, the strict holding of *Crisona*, *i.e.*, tape--recorded conversations should be disclosed, is still correct. But the recent order went too far in holding that all pre-arrest comments reported by other third-party witnesses, such as those

referenced in police reports, must be disclosed under Rule 16. *Brady* might well require disclosures, but Rule 16(a)(1)(A) or (B) does not. Directly on point is *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986) (Pregerson, J.).

**IT IS SO ORDERED.**

Dated: April 27, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE