IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDGAR DIAZ, a/k/a "Hook," RICKEY<br>ROLLINS, a/k/a "lil Rick," DON JOHNSON,<br>a/k/a "Skanoodles," a/k/a "Noodles,"<br>ROBERT CALLOWAY, a/k/a "Papa,"<br>and DORNELL ELLIS, a/k/a "D Map,"<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 05-0167 WHA<br><br><br>**ORDER RE DISCOVERABILITY<br>OF LOCAL POLICE<br>REPORTS UNDER RULE 16<br>AND SCHEDULE FOR<br>FURTHER SUBMISSIONS** |

　　　　This order holds (i) that local San Francisco police investigative reports in the possession, custody or control of the United States Attorney's Office are "documents" within the federal meaning of Rule 16(a)(1)(E) and (ii) that such reports fall within the federal "work-product" exemption from discovery in Rule16(a)(2) only if the report was prepared in connection with investigating or prosecuting the subject case by police officers having a relationship to the federal prosecutors substantially equivalent to that of federal investigative agents.

　　　　In this pending gang prosecution, the United States Attorney's Office has disclosed many thousands of pages of local police reports to the defense. The names of all witnesses to various alleged murders and other crimes, however, have been redacted — even as to witnesses wholly or largely exculpatory to one or more defendants. (No Form 302s have been disclosed.)

The government insists that all civilian witnesses' names be held secret until much later in the proceedings. Although a genuine witness-security concern has been shown as to at least some witnesses, the need for effective pretrial preparation by the defense may require that other witnesses' identities be unredacted and provided to counsel and investigators under a protective order, at least as to witnesses whose safety is not shown to be at risk. In some instances, the Court has found that more than names have been redacted without any justification to protect witnesses. The government responds that its production of the local police reports has been voluntary and gratuitous and not pursuant to any obligation under Rule 16; the government asserts an exclusive and unilateral power to decide whether and how much to disclose of the police reports.

If, however, such reports are "documents" under Rule 16(a)(1)(F) and not exempt from discovery by Rule 16(a)(2), then the government has an obligation to produce them under Rule 16, at least to the extent they are in the possession of the United States Attorney, and the government may not unilaterally decide the scope of redactions. Instead, the Court would decide the scope of redactions under Rule 16(d) relating to protective orders.

Rule 16(a)(1)(E) provides (emphasis added):

> Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, *documents*, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i)  the item is material to preparing the defense;
>
> (ii)  the government intends to use the item in its case-in-chief at trial; or
>
> (iii)  the item was obtained from or belongs to the defendant.

The word "documents" in the above excerpt must be deemed to include investigative reports of law enforcement officers. *First*, to rule otherwise would render the exemption in Rule 16(a)(2) superfluous. It exempts "reports, memoranda, or other internal government documents." The exemption would be unnecessary if "documents" in Rule 16(a)(1)(E) were somehow limited to transactional documents. *Second*, the decisions on the scope of the

2

work-product exemption in Rule 16(a)(2) necessarily proceed on the assumption that Rule 16(a)(1)(E) covers local investigative police reports in the possession of the federal prosecution. These decisions are referenced below. *Third*, the plain meaning of "documents" includes "reports."

In light of the broad scope given the term "documents," it would be anomalous to carve out local police reports. *see* Timothy M. Hall, Annotation, *Books, Papers, and Documents Subject to Discovery by Defendant Under Rule 16 of the Federal Rules of Criminal Procedure*, 108 A.L.R. Fed. 380 (1992); *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003). The only decision holding the other way seems to be *United States v. Jones*, 149 F.R.D. 139, 141 (N.D. Ohio 1993). No explanation was given in that decision. *Jones* will not be followed in this order. Given that local police reports are "documents," the issue becomes whether they are within the work-product exemption.

The federal work-product exemption is found in Rule 16(a)(2):

> Information Not Subject to Disclosure. Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The phrase "Attorney for the government" is defined in Rule 1. It means:

> "Attorney for the government" means:
>
>   (A)  the Attorney General or an authorized assistant;
>
>   (B)  a United States attorney or an authorized assistant;
>
>   (C)  when applicable to cases arising under Guam law, the Guam Attorney General or other person whom Guam law authorizes to act in the matter; and
>
>   (D)  any other attorney authorized by law to conduct proceedings under these rules as a prosecutor.

"Attorney for the government" does not include local district attorneys (except when they are "authorized by law" to prosecute federal crimes). The word "government," moreover, seems to be used consistently throughout the rules to refer to the *federal* government. Thus, the

3

phrase "by . . . other government agent" refers to federal agents. Local police are not federal agents. In some circumstances, however, they may be deemed federal agents, such as, for example, when they are officially detailed to work for a federal enforcement agency.

The phrase "in connection with investigating or prosecuting the case" has been construed by the United States Supreme Court to mean the subject prosecution. *United States v. Armstrong*, 517 U.S. 454, 462–63 (1996); *see also Cedano-Arellano*, 332 F.3d at 571. This means that police reports prepared for some *other* case would, at all events, be unprotected by the work-product exemption in Rule 16(a)(2).

In light of this authority, this order holds that local police investigative reports are *not* protected from disclosure by Rule 16(a)(2) unless the police officers who prepared the reports were working on the case for the federal prosecutors in a way substantially equivalent to the way federal investigators do. *See United States v. Green*, 144 F.R.D. 631, 641 (W.D.N.Y. 1992); *United States v. DeBacker*, 493 F. Supp. 1078 (W.D.N.Y. 1980); *United States v. Gatto*, 729 F. Supp. 1478 (D.N.J. 1989).

This order recognizes that some courts have held the other way, *i.e.*, have held that *all* local police investigative reports are exempt without regard to how they came to be in the hands of the federal prosecutors. *E.g., United States v. Cherry*, 876 F. Supp. 547, 550 (S.D.N.Y. 1995); *United States v. Jones*, 1986 WL 275 (S.D.N.Y. 1986). Those decisions, however, came before the Supreme Court's decision in *Armstrong*. To the extent any rationale was stated in those decisions, it is doubtful whether it survived after *Armstrong*. Even without *Armstrong*, however, this Court is persuaded that there is no blanket rule exempting from disclosure local police reports that wind up in the hands of federal prosecutors.

The government, of course, must be given an opportunity to submit declarations proving up the foundation for any claim of privilege. As with any privilege, the burden is on the government to prove its assertion of privilege. One way it might do so would be to demonstrate that a particular report (or a class of reports) was prepared by a police officer specifically detailed to work under the supervision of federal authorities on this case. There may be other ways as well. On the other hand, if all that happened was that the local police opened their

4

1  extant files on their own investigations to federal authorities, it would be doubtful that the
2  federal work-product privilege could apply. The government will be granted an opportunity to
3  prove up, report by report, the foundation for invoking the privilege of Rule 16(a)(2). Its
4  redactions and memorandum must be filed by **JUNE 7, 2006**. This should be filed and served in
5  the normal way as part of the public record except, if at all, such portions as would actually
6  reveal witness identities. Any opposition must be filed by **JUNE 13**. The Court will then decide
7  whether a hearing is necessary.

8  On the same schedule, the parties shall brief and supply appropriate declarations on the
9  issue of waiver, *i.e.*, even if some or all of the redacted reports were privileged, whether any
10 such privilege was waived by the production of the redacted versions, such that the redacted
11 portions no longer enjoy a privilege.

12 The government's work-product rationale raises a corollary *Brady* issue. Any
13 work-product rationale necessarily implies that *all* reports to which the rationale extends were
14 prepared for federal use in the same way FBI reports are prepared. By the same rationale, in
15 turn, the federal prosecutors must be charged with an affirmative duty to review that universe of
16 reports for *Brady* material and to disclose such *Brady* material in time for effective use. This is
17 true even for reports not in the immediate possession or custody of the federal prosecutors, for
18 the whole point of the federal work-product exemption in the first place is that the federal
19 authorities have a right of access. Put differently, to the extent that the government asserts the
20 benefit of the exemption as to a class of material, it must also do the homework required by
21 *Brady* as to that same class of material. All such materials, no matter where located, must be
22 reviewed by the federal prosecutors — and must be reviewed in a timely manner.

23 All of the foregoing having been said, it remains true that a protective order may still be
24 appropriate under Rule 16(d) — even for any reports eventually held unprivileged. As stated,
25 the government has demonstrated a genuine witness-security concern as to at least some
26 witnesses. Briefing is already in process to vet that issue on a witness-by-witness basis.
27 A process is also underway to vet a proposed form of protective order under which certain
28 less-sensitive witness names might be disclosed, for the time being, only to counsel and their

5

investigators. This order, therefore, does not mean, by itself, that redactions will be undone. It does mean that the government does not have a blanket right to treat any and all local police reports as work product under Rule 16(a)(2).

For the sake of completeness, this order will repeat that the Jencks Act does not cover police reports or Form 302s that merely summarize statements made by potential witnesses. The Jencks Act would cover such summaries only if the witness adopted or approved the statement. *See* 18 U.S.C. 3500(e)(1)–(2). Therefore, the Court expects that the vast bulk of local police reports and Form 302s do not qualify as Jencks Act statements such that they may be withheld until the witness testifies.

Finally, this order notes that the disclosed material included a police officer affidavit provided to a state court. In no way could it be deemed to be an investigative internal report. So too for like items. But, as above, redactions will be allowed (as indicated at an earlier hearing) to protect witness security under Rule 16(d).

**IT IS SO ORDERED.**

Dated: May 18, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6