IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO,<br><br>Defendants. | No. CR 05-0167 WHA<br><br>**ORDER RE INADEQUACY OF EXPERT DISCLOSURE BY GOVERNMENT** |

For the reasons stated at today's hearing, this order holds that the government's expert summary disclosure in this case violates Rule 16(g). On March 30, 2006, this Court entered order setting trial date and schedule for motions. The order stated in part that all defendants must file any *Daubert* motions directed at any government expert witness on or before August 2, 2006, and that "(t)o tee this up, the government must complete and provide all summaries and reports on all experts including gang experts, autopsy, DNA, serology, fingerprint, narcotics, ballistics and so on no later than April 26, 2006, with all foundational data provided by May 31, 2006. All defense expert reports and summaries shall be provided by September 8, 2006" (Order at 2). The April 26 and May 31 dates had been suggested by the government as workable were therefore adopted in the order.

For its disclosure, however, the government provided a six-page letter covering eighteen proposed expert witnesses. Each witness was covered in one paragraph (with minor exceptions). In its entirety, here is one of the longer entries:

> Sergeant/Inspector Chaplin will testify both as a fact witness and as an expert. He will testify as an expert regarding the interpretation of the coded language used by DBG members and their associates. He specifically will discuss coded and slang references made by DBG members and associates on previously disclosed jail tapes, writings and graffiti. These communications include, but are not limited to, discussions of weapons, witness intimidation, narcotic distribution and gang violence. Sergeant/Inspector Chaplin's testimony will be based on his review of the material in question as well as his personal contact with individual DBG gang members and his experience investigating African American gang crime in San Francisco.

A footnote provided that the witness would be basing his review on "[g]enerally, but not exclusively found from bates numbers: Jl 00001 through JL 000061; GJ 0001 through GJ 001561; SH 000001through SH 002993; and supporting audio tapes."

Rule 16(g) provides:

> *Expert Witnesses*. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witnesses's qualifications.

*First*, the government's summary fails to describe "the witnesses's opinions," as required by the rule. Instead, it only lists topics that the witness will cover. Rule 16 requires that each opinion be specified. *Second*, the government's summary fails to provide "the bases and reasons for those opinions" as required by the rule. In other words, the summary should list each specific opinion and under the specific opinion list the bases and reasons. The bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion *in limine*), to prepare for cross-examination, and to allow a possible counter expert to meet the purport of the case-in-chief testimony. *See* Advisory Committee Comment to 1993 Amendment. With respect to at least the three "gang experts" listed by the government, the detail contemplated by Rule 16 will allow voir dire out of the presence of the jury of the type contemplated by *United States v. Hankey*, 203 F.3d 1160, 1167–73 (9th Cir. 2000);

*United States v. Padilla*, 387 F.3d 1087, 1094 (9th Cir. 2004). All of the eighteen paragraphs are too pithy to satisfy Rule 16.

It is true that some appellate decisions have excused abbreviated summaries in some cases. Those, however, have typically found that the Rule 16 violation was harmless given other disclosures or given continuances or have held that the witness was so "generic" and routine (like a DEA chemist in a simple drug case) that the testimony was largely predictable and, therefore, that a shorthand disclosure was adequate. *E.g.*, *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111–13 (9th Cir. 2002). Possibly there may be some "generic" witnesses among the eighteen proposed by the government. But certainly the "gang" experts (and others) are not.

The government will be given another chance. It must serve proper summaries as to all experts by **JUNE 19**. The foundational data still shall be disclosed by **MAY 31**, as government counsel represented today she intended to do.

**IT IS SO ORDERED.**

Dated: May 24, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3