IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDGAR DIAZ, RICKEY ROLLINS,<br>DON JOHNSON, ROBERT CALLOWAY,<br>DORNELL ELLIS, EMILE FORT,<br>CHRISTOPHER BYES, PARIS<br>RAGLAND, RONNIE CALLOWAY,<br>ALLEN CALLOWAY, and REDACTED<br>DEFENDANTS Nos. ONE & TWO,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　　／ | No. CR 05-0167 WHA<br><br>**CONCLUDING ORDER RE<br>LOCAL POLICE REPORTS<br>AND RULE 16 DISCOVERY** |

　　　The order dated May 18, 2006, held that (i) local San Francisco police investigative reports in the possession, custody or control of the United States Attorney's Office are "documents" within the federal meaning of Rule 16(a)(1)(E) and that (ii) such reports fall within the federal "work-product" exemption from discovery in Rule 16(a)(2) only if the report was prepared in connection with investigating or prosecuting the subject case by police officers having a relationship to the federal prosecutors substantially equivalent to that of federal investigative agents.

　　　The order then gave the government three weeks to prove such a work-product foundation, a deadline later extended to June 13. In response, the government has filed a short statement relying solely on its prior briefing including the *Cherry* case, all of which was

United States District Court

For the Northern District of California

1  rejected in the May 18 order. There being no evidentiary basis for any of the local police
2  reports to be deemed federalized work product, this order now holds that all of the local police
3  reports related to this case in the possession of the United States Attorney's Office are
4  producible under Rule 16 and are not within the work-product exemption in Rule 16(a)(2).

5                                          *       *       *

6       The May 18 order also gave the government three weeks to show why, in the alternative,
7  any work-product privilege was not waived by its voluntary and intentional disclosure to its
8  adversaries of all but the redacted material. After a further extension, the government submitted
9  a short memorandum relying principally on *United States v. Mann*, 61 F.3d 326, 323 (5th Cir.
10 1995).

11      Assuming for the sake of argument that the local police reports in question were work
12 product and protected by Rule 16(a)(2), this order holds, in the alternative, that the protection
13 of Rule 16(a)(2) was waived by the government's voluntary and intentional production of the
14 reports to its adversaries herein, at least as to each subject actually disclosed. The substance of
15 the mental impressions recorded in the memos, such as the summaries of witnesses' comments,
16 has been voluntarily revealed. This voluntary disclosure was not pursuant to any confidentiality
17 agreement. It was made to adversaries. Having disclosed so much of the reports and waived so
18 much of the contents, the government may not pick and choose what will be waived on the
19 same subjects.

20      Disclosure of privileged material waives the privilege as to all material on the same
21 subject. Put differently, selective waivers on a single subject are not permitted. The waiver
22 herein was, therefore, complete as to each subject whose content was partially revealed.
23 Thus, where the substance of a witness comment has been voluntarily revealed by the deliberate
24 production of a report, the government may not unilaterally block out the identity of the witness
25 in the same report. *See United States v. Nobles*, 422 U.S. 225, 239 (1975); *United States v.*
26 *Mezzanatto*, 513 U.S. 196, 201 (1995); *United States v. Gangi*, 1 F. Supp. 2d 256, 263–64
27 (S.D.N.Y. 1998); *Weinstein's Federal Evidence* § 1511.06[2] (2006).
28

This is unlike cases where redactions are used to block only privileged matter and the rest of pages are produced as unprivileged. In the present case, the revealed material itself was part of the supposed mental impressions recorded in the memo. The report, if ever privileged at all, was privileged in its entirety; producing a substantial part of it waived the privilege as to the rest of the document on the same subject.

In *Mann*, a case where the prosecutor allowed defense counsel to read agent reports without copying, the Fifth Circuit found that there had been an agreement between counsel that disclosure would be restricted, that no photocopies would be made, and the "[f]rom the start, the defendants agreed to the terms of this restrictive arrangement." *Id*. at 332. When one defendant then breached the agreement, the government terminated all access to the reports. The Fifth Circuit held that the discovery agreement should be enforced and that there had been no waiver of Rule 16(a)(2) protection by reason of the earlier disclosure. Here, in contrast, there never has been any such agreement; rather, there have been uniform protests by the defense as to the redactions. *Mann* is no help in our situation.

\*   \*   \*

With respect to a large subset of all such local police reports, there is an entirely different basis for waiver. The government's earlier expert disclosure stated that its gang expert Tony Chaplin will rely upon local police reports and gang task force reports. Specifically, the expert disclosure stated he would rely on "his review of the material in question," which was footnoted to be:

> Generally, but not exclusively found from bates numbers: JL 00001 through JL 000061; GJ 0001 through GJ 001561; SH 000001 through SH 002993; and supporting audio tapes.

Even the government has conceded that all materials on which the proposed expert witness has relied must be produced. Therefore, any privilege as to the 4500+ pages just referenced would, at all events, be deemed waived.

\*   \*   \*

3

The foregoing conclusions do not mean that all such redactions must be unredacted now. To the contrary, all of the redactions shall remain in place. Access to the redacted information will be made available solely under the accompanying protective order for witness security.

Nor does it necessarily mean that all other documents obtained from local police by federal prosecutors must be produced. These include rap sheets, a letter from police to the victim's family updating them on the case and others listed in the notice dated June 13, 2006. It is the Court's intention that any and all witness-identifying information shall remain subject to the protective order — even in otherwise discoverable material. A separate briefing schedule will be set to address the list items and their discoverability. This order, for now, addresses only the local police reports already produced (and any other of like kind) already in the custody of the federal prosecutors.

**IT IS SO ORDERED.**

Dated: June 16, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE