United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EDGAR DIAZ, RICKEY ROLLINS,<br>DON JOHNSON, ROBERT CALLOWAY,<br>DORNELL ELLIS, EMILE FORT,<br>CHRISTOPHER BYES, PARIS<br>RAGLAND, RONNIE CALLOWAY,<br>ALLEN CALLOWAY, and REDACTED<br>DEFENDANTS NOS. ONE & TWO,<br><br>    Defendants.<br>                                         / | No. CR 05-0167 WHA<br><br>**ORDER RE SCOPE OF<br>APPELLATE STAY** |

This order must determine what motions are subject to the Ninth Circuit's stay of this Court's order dated July 20, 2006, pending the appeal thereof. The July 20 order built upon earlier orders holding: (i) the local police reports at issue, once obtained by the federal prosecutors, were "documents" under Rule 16(a)(1)(E); (ii) such documents fell within the federal work-product exemption from discovery in Rule 16(a)(2) *only* if prepared in connection with investigating or prosecuting the subject case by police officers having a relationship to the federal prosecutors substantially equivalent to that of federal investigative agents (such as a joint task force); (iii) the federal prosecutors herein had failed, despite multiple invitations, to establish any such relationship; and, alternatively, (iv) assuming for the sake of argument that

they might once have been federalized work product under Rule 16(a)(2), such protection was waived by the voluntary disclosure of most of their content.

After the government's refusal to allow inspection of the full documents pursuant to a protective order, the July 20 order, in turn, imposed a testimony-preclusion sanction. Significantly, the rulings all were premised upon the holding that, at least on the particular record of this case, the local police reports voluntarily obtained by the federal prosecutors and voluntarily disclosed with redactions to the defense were fully disclosable under Rule 16, subject only to redactions allowed by the Court pursuant to a Rule 16(d) protective order.

The new motions now before the Court raise an independent issue, namely defense motions to obtain the identity of confidential informants under the due-process holding in *Rovario v. United States*, 353 U.S. 53 (1957). The *Rovario* motions are not based on Rule 16. A *Rovario* motion, based as it is on the due-process clause, can be made without regard to whether or not any Rule 16 documents even exist.

The government has not articulated a reason for postponing resolution of the *Rovario* motions. At no time in the briefing on any of the specific motions and orders leading to the appeal did the government cite *Rovario*. It would be unfair for the government to now contend on appeal that, before the district court, it invoked *Rovario's* qualified privilege to withhold names of confidential informants. In fact, the only time the government has ever cited *Rovario* in this entire action goes back some fifteen months to proceedings before the magistrate judge. That was solely in rebuttal to defense reliance on *Rovario*. United States' Opposition to Defendant's Motion for Discovery dated May 10, 2005, at pages 15–16. Therefore, it cannot fairly be said that the pending appeal will add or subtract from a proper determination of the *Rovario* motions.

Despite all this, it is possible that our circuit judges will forgive the government's failure to assert *Rovario* and nonetheless consider the extent to which the balancing done by the district court in the orders in question on appeal carried out the balancing of factors contemplated by *Rovario*, assuming *Rovario* was applicable. Therefore, although the Ninth Circuit's stay does not seem to cover the issue, this Court will, on its own, **STAY** the

2

*Rovario* motions until after the appellate review, so as to give ourselves as much leeway as practicable to adjust to the appellate ruling.

For the same reason, the *Brady/Giglio* motions are **STAYED**, given that they largely relate to impeachment material on the undisclosed witnesses. This stay, however, is without prejudice to the right of the defense to obtain from the government (without motion or request) any and all *Brady/Giglio* materials when required by law. In other words, the government is not relieved by this stay from its free-standing duty to comply unilaterally with *Brady/Giglio*.

\*    \*    \*

The one aspect of the motions in question that *will* go forward as scheduled is the motion by Dornell Ellis to obtain materials required by Rule 16(a)(1)(D). Otherwise, all of the motions in the August 4 notice by the government are **STAYED**.

**IT IS SO ORDERED.**

Dated: August 14, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3