IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS NOS. ONE & TWO,<br><br>Defendants. | No. CR 05-00167 WHA<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO EXCLUDE DRUG DISTRIBUTION/TRADE EXPERT** |

**INTRODUCTION**

In this criminal RICO action, defendants seek to exclude the expert testimony of San Francisco Police Lieutenant Kitt Crenshaw, a narcotics-distribution expert.

**STATEMENT**

The government informed defendants that it intended to introduce Crenshaw's narcotics-distribution expert testimony (July 7, 2006 Motion Exh. at 30-31). The expert disclosure indicated that Crenshaw would testify that he has: worked for the SFPD for over 28 years; received over 1000 hours of training concerning all aspects of narcotics investigation; made over 10,000 narcotics arrests; talked to users of various controlled substances about their ingestion habits; attended narcotics investigation courses given by various law enforcement agencies; qualified over 500 times to testify as a narcotics-investigation expert; testified as an

expert in state and federal court; reviewed the investigative reports relevant to the instant case; compiled a list of factors that are relevant to determining whether a person possesses a controlled substance for sale, as opposed to for personal use; and weighed the factors in the individual circumstances of the narcotics charges in this case and believed that the defendants possessed the controlled substances for sale, rather than for personal use.

The expert disclosure stated that in Crenshaw's opinion, the relevant factors for determining whether a person possesses a controlled substance for sale, rather than for personal use were: (1) the amount of controlled substance possessed by the individual; (2) the way the controlled substance was packaged; (3) whether the person has money in his or her possession, including the amount of money or specific denominations; (4) whether other indicia of the sale of controlled substance are on the individual's person or in the immediate area, including but not limited to scales to weigh the substance, cell phones, pagers, or packaging material; (5) the activity the person is engaged in when arrested, including what they are doing, their direct environment, the time of day, the people they are with, and the roles of the people they are with; and (6) the existence or lack of drug paraphernalia on or near the individual. The disclosure stated that Crenshaw evaluates the totality of the circumstances when creating an opinion, and that no single factor outweighs the others (*ibid.*). A further supplemental summary of Crenshaw's testimony listed fourteen overt acts charged against various defendants (Philipsborn Exh. A at 1-8). The summary indicated that Crenshaw would testify, based on the factors allegedly present during each act, that he believed the particular defendant possessed the drugs for sale, rather than for personal use (*ibid.*).

## ANALYSIS

### 1. RULE 702.

Defendants contend that admitting Crenshaw's testimony will violate Rule 702 and the standards for expert testimony created by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). "Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring

2

that expert testimony rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (internal quotations omitted).

The Ninth Circuit has explained that "admissibility of expert opinion testimony generally turns on the following preliminary question of law determinations by the trial judge under [Rule] 104(a)": (1) whether the opinion is based on scientific, technical, or other specialized knowledge; (2) whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue; (3) whether the expert has appropriate qualifications, such as "special knowledge, skill, experience, training or education on that subject matter"; (4) whether the testimony is relevant and reliable; (5) whether the methodology or technique the expert uses "fits" the conclusions; and (6) whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citations omitted). When considering the admissibility of testimony based on "specialized knowledge" other than "scientific" knowledge, "Rule 702 generally is construed liberally."

Crenshaw's testimony is not, as defendants suggest, excludable *per se* under Rule 702. As in *Hankey*, the "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Id.* at 1169. Thus, defendants' statements that "there is no empirical evidence or study showing the reliability or validity of any of the factors relied upon by Crenshaw" and that "[n]o scientist can be found subscribing to his methodology" have no place in this analysis (Diaz Br. 13).

Although a plausible record of Crenshaw's qualifications has been presented in declaration form, it has not yet been subjected to cross-examination. This order is without prejudice to voir dire of Crenshaw at trial. For now, the record shows he is qualified.

### 2. RULE 704(b).

Rule 704(b) states:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime

3

> charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Defendants contend that Crenshaw's testimony will violate Rule 704(b) because he will testify to each defendant's state of mind when the defendant in question possessed the drugs (Diaz Br. 14-15).

The expert disclosures for Crenshaw indicate that he will testify that various "defendant[s] possessed the controlled substances for sale, rather than for personal use" (Philipsborn Exh. A at 1-8). If Crenshaw adhered to the expert disclosure summaries, he would be directly testifying to each defendant's mental state. Such testimony would violate Rule 704(b) because he would be "[drawing] the ultimate inference or conclusion for the jury." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997).

The Ninth Circuit, however, instructs that a narcotics distribution expert may answer "*hypothetical* questions regarding the intent to distribute narcotics of a *typical* person in roughly the same situation as the defendant." *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005) (emphasis added). Rule 704(b) is not violated as long as the testimony does not directly comment on a particular defendant's mental state. This order holds that Crenshaw may testify on the condition that he does not "state an opinion that [any defendant] possessed the drugs with intent to distribute them." *Id.* at 1188-90. He may testify, as the expert did in *United States v. Gonzales*, 307 F.3d 906, 911-12 (9th Cir. 2002), that a hypothetical "'person' possessing the evidence in question would, in fact, possess the drugs for the purpose of distributing."

3.   **RULE 404(b).**

Rule 404(b) generally prohibits using evidence of "other crimes, wrongs, or acts" to prove the "character of a person in order to show action in conformity therewith." Defendants make the unsubstantiated assertion that Crenshaw's testimony would involve evidence of other acts by defendants tending to prove their character (Johnson Br. 10). This assertion is incorrect. In his expert capacity, Crenshaw will not be testifying as a fact witness to establish that various defendants possessed drugs. He will instead be testifying as an expert regarding the previously-mentioned factors and to his methodology for determining whether a person possesses drugs for sale or for personal use. Crenshaw's expert testimony will not violate Rule 404(b).

4

### 4. RULE 403.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The testimony of Crenshaw is highly relevant to the intent element the government must prove as to each count of possession of narcotics with intent to distribute. His projected testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue," namely, whether various defendants possessed drugs with the specific intent to sell them. FED. R. EVID. 702.

This order finds, however, that the government's proposal to have Crenshaw testify to fourteen separate acts alleged against various defendants would cause "undue delay, waste of time, [and] presentation of cumulative evidence." Thus, Crenshaw may testify generally to his methodology and the factors for evaluating individual cases. Furthermore, Crenshaw may demonstrate his methodology by selecting two of the fourteen examples offered by the government in Crenshaw's expert disclosure, and applying the methodology thereto.[*] The other twelve may not be covered in the testimony. To do so would be argumentative and would consume undue time. This order assumes that the government will have laid the requisite foundation through percipient fact testimony for the two examples it wishes to use. It bears repeating, however, that Crenshaw's testimony may only state whether a hypothetical "person" displaying the factors in the example would, "in fact, possess the drugs for the purpose of distributing." *Gonzales*, 307 F.3d at 911.

### CONCLUSION

Defendants' motion to exclude Crenshaw's testimony is **GRANTED IN PART AND DENIED IN PART**, and Crenshaw's testimony will be limited as follows. *First*, pursuant to Rule 704(b), he may not testify to a particular defendant's state of mind, but may testify regarding whether a hypothetical "person" possessing the evidence in question would, in fact, possess the

---

[*] Item nine in Crenshaw's supplemental summary lists factors that, according to the disclosure, suggest that defendant Johnson possessed narcotics with the intent to distribute (Philipsborn Exh. A at 4-5). Subpart G of item nine lists as a factor that "defendant admitted to authorities that he did not have a job." If item nine is used as one Crenshaw's two examples, a Rule 104(c) hearing may be necessary with respect to the admissibility of subpart G.

5

drugs for the purpose of distributing.  *Second*, pursuant to Rule 403, when applying his methodology to the facts of the instant case, he may only do so with respect to two of the fourteen examples listed by the government in Crenshaw's expert disclosure.

**IT IS SO ORDERED.**

Dated:  September 19, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6