IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>EDGAR DIAZ, RICKEY ROLLINS,<br>DON JOHNSON, ROBERT CALLOWAY,<br>DORNELL ELLIS, EMILE FORT,<br>CHRISTOPHER BYES, PARIS<br>RAGLAND, RONNIE CALLOWAY,<br>ALLEN CALLOWAY, and REDACTED<br>DEFENDANTS NOS. ONE & TWO,<br><br>   Defendants.<br>                                                            / | No. CR 05-0167 WHA<br><br>**CASE MANAGEMENT<br>ORDER UNDER LOCAL<br>RULE 16-1 AND FRCP 16** |

The government's proposed discovery plan was filed on October 31 and was discussed with counsel on November 1. To allow more input, the Court requests all counsel's written views on the following:

1. Although the *Brady* obligations of the prosecutors is self-executing without the need for court orders, please cite decisions on point as to whether (or not) a district court has the authority to require *Brady* material to be produced before trial so as to avoid trial disruptions due to continuances that may otherwise be appropriate if *Brady* materials are produced during trial. For purposes of this order, *Brady* material means all materials covered by the *Brady* decision and its progeny in the Supreme Court and the Ninth Circuit.

2. Explain why defense counsel believe more lead time than desired by the government's discovery plan is necessary to effectively use the foregoing *Brady* material at trial.

3. To what extent does the *Brady* rule require the prosecutors to investigate whether *Brady* material is in the hands of local police? Does the government plan to do this? What effect does the Ninth Circuit's recent treatment of local police records as "other government records" have on this issue? Cite and quote specific decisions on point.

4. What specific types of material does the *Brady* rule cover? Focus on types of material counsel believe may be problematic in our case so the Court can address the problem in time to obviate a trial problem.

5. The government shall state the extent to which it contends that Form 302s concerning this case do or do not qualify as Jencks Act statements and/or will be produced under *Brady*.

6. Please address the problem of the defense need for juvenile crime records on all government witnesses and the lead time that will be needed to obtain such records. How can this problem be headed off before trial?

7. The government's discovery plan does not provide for disclosing exculpatory material associated with witnesses it does *not* call at trial. What is the extent of this problem and how can it be solved?

8. Based on the redacted discovery, why can't defense counsel make motions now to identify the reports they believe are exculpatory? Will the *Rovario* motions adequately cover this already?

9. Each side should state its view of the total number of pages that constitute potential *Brady* material and the percentage thereof that has already been produced in redacted form and the percentage not yet produced at all. By "potential," the Court means at least "arguable."

10. Same question for Jencks Act statements.

2

11. What was the actual practical experience of the *Edelin* model as it actually went down?

12. Please address a proposed timetable for each type disclosures required by Local Rule 16-1.

13. Should a protective order be used?

14. The Colour Drop system seems (sometimes) to be a cause for unintended delay. Why can't the government simply serve all trial counsel directly with the *Brady*, Jencks and other Local Rule materials?

\*       \*       \*

Would the defense please submit a joint statement with individual views only as needed? All submissions are due by **MONDAY, NOVEMBER 13, 2007**.

**IT IS SO ORDERED.**

Dated: November 2, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE