1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7

8                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    UNITED STATES OF AMERICA,

11              Plaintiff,                                 No. CR 05-0167 WHA

12       v.

13    EDGAR DIAZ, RICKEY ROLLINS,                          **ORDER GRANTING IN PART**
      DON JOHNSON, ROBERT CALLOWAY,                        **AND DENYING IN PART**
14    DORNELL ELLIS, EMILE FORT,                           **GOVERNMENT'S MOTION**
      CHRISTOPHER BYES, PARIS                              **REGARDING MENTAL-**
15    RAGLAND, RONNIE CALLOWAY,                            **HEALTH EVIDENCE**
      ALLEN CALLOWAY, TERRELL JACKSON
16    and REDACTED DEFENDANT NO. ONE,

17              Defendants.

18    _____/

19              In this capital RICO prosecution, the government, pursuant to Federal Rule of Criminal

20    Procedure 12.2, seeks an order (1) setting forth the notice requirements and use of mental-health

21    evidence in the penalty phase of this trial; and (2) requiring that, if any defendant gives such

22    notice, such defendant(s) undergo a pretrial mental-health examination by government-retained

23    experts.  For the reasons stated below, the government's motion is **GRANTED IN PART** and

24    **DENIED IN PART.**

25              This order sets the timeline for defendants to file any notice of intent to introduce

26    mental-health evidence in the penalty phase and to undergo any subsequent mental

27    examinations.  Federal Rule of Criminal Procedure 12.2 and its Advisory Committee Notes

28    clearly lay out the steps of this process.  On the present record, the Court agrees with the

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Advisory Committee that "the better practice is to require pretrial notice of [the defendant's]

2    intent [to introduce a penalty-phase mental examination] so that any mental examination can be

3    conducted without unnecessarily delaying capital sentencing." As such, if any defendant

4    intends to introduce expert evidence of mental examinations during the penalty phase, he shall

5    provide notice no later than **NOON** on **AUGUST 23, 2007**.

6          If any defendant gives such notice, this order allows the government to produce its own

7    mental-health experts to examine said defendant(s). *See* Fed. R. Crim. P. 12.2(c)(1)(B).

8    It would be unfair for defendants to introduce expert mental-examination evidence during the

9    penalty phase without giving the government an opportunity to rebut such evidence with its

10   own mental-examination evidence. If any defendant gives notice by noon on August 23 that he

11   intends to introduce mental-examination evidence in the penalty phase, said defendant must be

12   prepared to submit to an examination on **AUGUST 27, 2007**, or as soon thereafter as the medical

13   examiner is ready, unless the Court orders otherwise. Counsel for the prosecution and defense

14   are to work out a schedule for these mental examinations so as to minimize any interference

15   these examinations may have with defense counsel's ability to meet with the client and to

16   prepare for trial. Any defendant giving notice may file a motion simultaneously asking for

17   modification of this timeline. Any such motion would be heard at **NOON** on **AUGUST 27, 2007**.

18         This order observes that, pursuant to Rule 12.2(c)(2), the "results and reports" of any

19   government mental examination to be used as evidence in the penalty phase "must be sealed

20   and must not be disclosed to any attorney for the government or the defendant unless the

21   defendant is found guilty of one or more capital offenses." The government should be mindful

22   of this provision.

23         The government's motion is **GRANTED** only as far as this order sets forth a deadline by

24   which the defendants should notice their intent to use mental-examination evidence and sets a

25   date for any subsequent mental examinations. All other issues concerning the substance of

26   defendants' notice and procedures for disclosure are sufficiently addressed in Rule 12.2 and its

27   Advisory Committee Notes. The Court finds that no elaboration is required at this point and the

28   government's requests regarding these issues are **DENIED**.

Finally, in a footnote, the government requests that defendants be required to give notice of any lay testimony they intend to introduce regarding defendants' mental health or capacity during the penalty phase. Rule 12.2 does not authorize the Court to require defendants to give notice of their use of lay testimony in the penalty phase. For this reason, the government's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2007.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3