United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00167 WHA |
| Plaintiff, | |
| v. | **ORDER RE STAGE ONE DISCOVERY HEARING ON MAY 28, 2008 (Dkt Nos. 1381, 1382, 1383, 1385)** |
| RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT, | |
| Defendants. | |

Defendants and the government appeared for a continuation of Stage One discovery motions on May 28, 2008. With respect to defendants' joint motion for names and addresses of venirepersons and government witnesses (Dkt. No. 1381), the government should submit by **MAY 30, 2008, AT 2:00 P.M.** briefing on defendants' contention that the Court has the power to order a witness list, even when not explicitly authorized by statute, and to order it a substantial time before trial. *See United States v. W.R. Grace*, ___ F.3d ___, 2008 WL 2052204 (9th Cir. 2008) (en banc).

The motion for a bill of particulars is **GRANTED** (Dkt. No. 1382). The government must provide defendants with the following information: (i) the name of the deceased co-conspirator for whom the deaths of Kenya Taylor and Antoine Morgan were ordered to avenge; (ii) the name of the rival gang that Kenya Taylor and Antoine Morgan were suspected of helping; (iii) the type of handgun Edgar Diaz was alleged to have possessed in the killing of Kenya Taylor, and the means by which Edgar Diaz "assisted in the shooting" of Kenya Taylor; (iv) the exact

date, time, and location of the robbery of Prentiss Belton III; and (v) whether Edgar Diaz is blieved to have brandished a weapon in the robbery of Prentiss Belton III.  This information must be produced by **JUNE 20, 2008.**

The motion to strike surplusage from the second superceding indictment is **GRANTED** (Dkt. No. 1383).  All substantive counts charged against defendants who have been terminated from the case must be stricken.  The remaining counts must be renumbered in sequential order.  Paragraph 3(c) must also be stricken from page 89 of the special-findings section of the second superceding indictment.  Although the government did not oppose the substance of this motion, there was some dispute as to the timing of when the government should provide a redacted indictment.  The government is ordered to provide a redacted indictment (in the form that can go before the jury) by **NOVEMBER 1, 2008**, which is two days before the final pretrial conference.

The motion for specific items of discovery is **GRANTED** (Dkt. No. 1385).  Discovery must be produced in the following manner: (i) the names of all *deceased* unindicted co-conspirators, deceased non-homicide victims, and other witnesses should be produced by **JUNE 20, 2008**; (ii) a summary of any statement the government intends to offer under FRE 801(d)(2)(E) should be produced by **SEPTEMBER 22, 2008**, which is six weeks before the final pretrial conference (iii) any and all discovery covered by FRCrP 16 relating to the robbery of Prentiss Belton III should be produced by **JUNE 20, 2008**; and (iv) any and all discovery covered by FRCrP 16 relating to the homicide of unindicted co-conspirator (believed by the defense to be Charles Pettus).

Defendants also claim that the government has not adequately responded to the order dated May 5, 2008, relating to five factual questions (*i.e.*, gang files of victims, warrants referenced in the pen register, recordings of Milburn's statements, Pettus homicide reports, and the list of speakers on the Gregory Jackson tapes).  The parties are ordered to meet and confer by **JUNE 5, 2008**.  If the parties cannot resolve this matter by then, an evidentiary hearing is now set for **JUNE 23, 2008, AT 3:00 P.M.**  Defense counsel are responsible for subpoenaing all officers needed.

Finally, the government was also ordered to proffer to the defense information relating to reports and forensic evidence relating to the Pettus homicide by May 23, 2008. Because the defense has not received the government's proffer yet, the government must provide this information to the defense by **JUNE 6, 2008.** The defense can then make its proffer by **JUNE 13, 2008**.

Defendants' motions to dismiss multiplicitous counts (Dkt. No. 1387) and to dismiss the "special findings" from the indictment and to strike the second amended notice of intent to seek the death penalty (Dkt. No. 1395) are addressed in other orders.

**IT IS SO ORDERED.**

Dated: May 30, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE