United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT,<br><br>Defendants.<br>_____/ | No. CR 05-00167 WHA<br><br>**ORDER DENYING MOTION TO DISMISS MULTIPLICITOUS COUNTS (Dkt. No. 1387)** |

## INTRODUCTION

In this RICO gang prosecution, defendants Raymon Milburn, Edgar Diaz, and Emile Fort move for an order dismissing allegedly multiplicitous counts in the second superceding indictment. They make the motion pursuant to the Double Jeopardy Clause of the Fifth Amendment. The government opposes the motion by arguing these motions have been previously argued and ruled upon. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Defendants argue that Count Two, the Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy charge, 18 U.S.C. 1962(d), is multiplicitous with the Violent Crimes in Aid of Racketeering ("VICAR") conspiracy charges, 18 U.S.C. 1959(a), in Counts Four, Five, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, and Twenty-Seven.

The counts in the indictment alleged the following (Dkt. No. 181):

| Count | Specific Charge |
|---|---|
| Two (RICO) | Conspiracy to participate in a racketeer influenced and corrupt organization (18 U.S.C. 1962(d)) |
| Four (VICAR) | Murder of Glenn Maurice Timmy ("Baby") Molex in aid of racketeering (18 U.S.C. 1959(a)(1)) — Emile Fort |
| Five (VICAR) | Attempted murder of Glenn Maurice Molex, Jr. in aid of racketeering (18 U.S.C. 1959(a)(5)) — Emile Fort |
| Fourteen (VICAR) | Conspiracy to murder Harry Cael, Jr. in aid of racketeering (18 U.S.C. 1959(a)(5)) — Raymon Milburn and Emile Fort |
| Sixteen (VICAR) | Conspiracy to murder Up The Hill gang members in aid of racketeering (18 U.S.C. 1959(a)(5)) — Edgar Diaz and Don Johnson |
| Seventeen (VICAR) | Conspiracy to murder Towerside gang members in aid of racketeering (18 U.S.C. 1959(a)(5)) — Edgar Diaz and Don Johnson |
| Eighteen (VICAR) | Conspiracy to murder Up The Hill gang members in aid of racketeering (18 U.S.C. 1959(a)(5)) — Edgar Diaz, Don Johnson, Ricky Rollins, and Terrell Jackson |
| Nineteen (VICAR) | Armed assault of Paulette Jackson in aid of racketeering (18 U.S.C. 1959(a)(3)) — Edgar Diaz, Don Johnson, Ricky Rollins, and Terrell Jackson |
| Twenty (VICAR) | Armed assault of Cordis Webb in aid of racketeering (18 U.S.C. 1959(a)(3)) — Edgar Diaz, Don Johnson, Ricky Rollins, and Terrell Jackson |
| Twenty-One (VICAR) | Attempted murder of Jamar Nelson in aid of racketeering (18 U.S.C. 1959(a)(5)) — Edgar Diaz and Terrell Jackson |
| Twenty-Two (VICAR) | Attempted murder of Gowan McLin in aid of racketeering (18 U.S.C. 1959(a)(5)) — Edgar Diaz and Don Johnson |

| Twenty-Seven (VICAR) | Conspiracy to murder Jamaar Jackson in aid of racketeering (18 U.S.C. 1959(a)(5)) — Emile Fort, Edgar Diaz, and Dornell Ellis |

## ANALYSIS

Defendants now request that the allegedly multiplicitous counts be dismissed as violations of the Double Jeopardy Clause of the Fifth Amendment. They rely on *United States v. Gardner*, 417 F. Supp. 2d 703 (D. Md. 2006), another RICO gang case where the defendant was charged with, *inter alia*, a RICO conspiracy and conspiracy to commit murder in aid of racketeering activity.

An order dated June 30, 2006, has already addressed this issue. The June 2006 order stated (Dkt. No. 529 at 3–4):

> The only basis on which movant urges the Court to require election is by adopting the reasoning of *United States v. Gardner*, 417 F. Supp. 2d 703 (D. Md. 2006). In *Gardner*, the district court applied *Blockburger* and *Albernaz* to dismiss two counts, each alleging conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a), because they were multiplicitous of another count alleging a racketeering conspiracy in violation of 18 U.S.C. 1962(d). *Id*. at 706.
>
> Movants fail to notice that the same issue has been addressed by the Ninth Circuit. In *United States v. Luong*, 393 F.3d 913, 916 (9th Cir. 2004), the court held that, so long as the elements of a predicate conspiracy offense are distinct from the overarching RICO conspiracy, the indictment is valid. That is true here as well. The racketeering-conspiracy statute criminalizes conspiring to conduct an enterprise that engages in a pattern of racketeering activity by committing two or more predicate acts. *Ibid*. It does not require proof of any of the particular violent crimes that underlay the murders, attempted murders, threats to commit murder and conspiracies to commit murder that are alleged in the other counts. Conversely, the counts alleging violent crimes in aid of racketeering do not require proof of an agreement to commit two or more predicate acts, as does the conspiracy count.

Although defendant Milburn, being new to the case, is not bound by the earlier ruling, this order finds the reasoning of the earlier order persuasive. Accordingly, this order adopts its earlier reasoning. Milburn has given no sound reasons to deviate.

Defendants then contend that the Court's previous ruling did not address the specific issue of whether or not counts charging a RICO conspiracy and a VICAR conspiracy (and other Section 1959(a)(5) offenses) are multiplicitous. They say that *Luong* does not vitiate

3

1 defendants' position.  In *Luong*, the defendant was charged with a RICO conspiracy and a
2 *Hobbs Act* conspiracy (18 U.S.C. 1951(a)) rather than a RICO conspiracy and a *VICAR*
3 conspiracy.  This order fails to see how this distinction supports defendants' argument.
4 Although there is no Ninth Circuit directly on point, other circuits have been informative on the
5 matter.

6 In *United States v. Nascimento*, 491 F.3d 25 (1st Cir. 2007), the defendants were
7 convicted of a substantive RICO offense, a RICO conspiracy, and a VICAR conspiracy to
8 commit murder.  One of the racketeering acts underlying the substantive RICO charge was
9 conspiracy to commit murder.  The First Circuit noted, "One branch of the Double Jeopardy
10 Clause forbids the government from punishing a person twice for the same offense.  Despite this
11 proscription, the same conduct sometimes can be punished under more than one conduct.  Such
12 multiple punishments are permissible if the underlying offenses are distinct from one another,
13 that is, if each offense 'requires proof of a fact that the other does not.'" *Id.* at 48 (citing
14 *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  The defendants in *Nascimento* had
15 argued that, "because conspiracy to commit murder served as a predicate act for their
16 substantive RICO convictions, the VICAR charge that they conspired to commit murder lacked
17 any element distinct from the substantive RICO charge.  Second, and relatedly, each of them
18 argues that this conviction for conspiracy to violate RICO was a lesser included offense within
19 his substantive RICO conviction and, thus, barred under the *Blockburger* test." *Id.* at 48.  The
20 First Circuit rejected these arguments and held that the Double Jeopardy Clause was not
21 implicated.  It said that "[t]he *Blockburger* test 'depends on the elements of the crimes and not
22 the similarity of the underlying facts.'" *Ibid*.  This order finds that, although the First Circuit in
23 *Nascimento* did not explicitly conclude that charging a defendant with a RICO conspiracy and a
24 VICAR conspiracy was constitutional, it rejected the contention that a substantive RICO
25 charged based on the conspiracy to commit murder was equivalent to a VICAR charge that the
26 defendants conspired to commit murder.  The two charges had different elements.  *See also*
27 *United States v. Marino*, 277 F.3d 11, 39 (1st Cir. 2002).

28 The Third Circuit came to a similar conclusion.  In *United States v. Merlino*, 310 F.3d

4

137 (3d Cir. 2002), there were two trials. The Third Circuit stated: "In the first trial [defendant] was convicted of violating RICO pursuant to 18 U.S.C. § 1962(c) and (d). In the indictment before us now, however, he is charged with violating 18 U.S.C. § 1959, which prohibits the commission of violent crime in aid of racketeering. Because that VICAR offense requires proof of an element that the RICO offense does not, and vice-versa, they are different offenses for the purposes of the Double Jeopardy Clause." *Id.* at 141. Section 1962(c) is a substantive RICO violation while Section 1962(d) is a RICO conspiracy. The Third Circuit did not specify which part of Section 1959 constituted a different offense. In its statement of facts, however, it noted that the defendant had been charged with violations of Section 1959(a)(1), (2), and (5). Section 1959(a)(1) and (2) are substantive VICAR violations while Section 1959(a)(6) is a VICAR conspiracy. Again, although the Third Circuit did not explicitly hold that a RICO conspiracy and a VICAR conspiracy did not violate the Double Jeopardy Clause, the language in its *Merlino* decision further supports our conclusion here — that, because the elements of a RICO conspiracy and a VICAR conspiracy are different, charging a defendant with these two offenses does not violate the Double Jeopardy Clause. The aforementioned counts are therefore not multiplicitous and need not be stricken.

Of course, if defendants are convicted of two separate but overlapping offenses, that circumstance may be taken into account at sentencing.

## CONCLUSION

For the foregoing reasons, the motion to dismiss multiplicitous counts is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 30, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5