IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. CR 05-00167 WHA<br><br>**ORDER DENYING MOTION TO DISMISS THE "SPECIAL FINDINGS" FROM THE INDICTMENT AND TO STRIKE THE SECOND AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY (Dkt. No. 1395)** |

　　　　In this RICO gang prosecution, defendants Edgar Diaz, Raymon Milburn, and Emile Fort move for an order dismissing the "special findings" from the indictment and striking the second amended notice of intent to seek the death penalty. Defendants have been charged in an 86-count indictment for, *inter alia*, conspiracy to distribute drugs and firearms and to commit murder. Defendants now claim that the Federal Death Penalty Act is currently operating in such an arbitrary, capricious, and random manner as to violate defendants' rights under the Fifth, Sixth, Eight, and Fourteenth Amendments. They argue that the federal death penalty is rarely sought, that there is little consistency or predictability in which federal juries have imposed the death penalty, and there are so many mitigating factors in Mr. Diaz's case as to render the death penalty inappropriate. The government opposes this motion on the ground that it has been previously argued and ruled upon.

　　　　This order agrees with the government. The constitutionality of the Federal Death Penalty Act was addressed in a lengthy order dated February 28, 2007 (Dkt. No 1157).

1  Defendants had moved to strike the death notices and to declare the Federal Death Penalty Act
2  unconstitutional.  The February 2007 order stated that "[t]he vast majority of defendants' claims
3  lack merit and are denied for the reasons stated herein" (*id.* at 1–2).  The order deferred ruling
4  on some issues that were unrelated to the constitutionality of the Federal Death Penalty Act.
5  The order further stated, "This is not an invitation to re-raise issues that have been rejected
6  already or that should have been otherwise raised in defendants' initial motions" (*id.* at 41).
7  Moreover, in *United States v. Mitchell*, 502 F.3d 931, 938 (9th Cir. 2007), which was decided in
8  September 2007, the Ninth Circuit stated, "That federal executions are rare, however, does not
9  render the FDPA unconstitutional."

10  Defendants rely on *United States v. Littrell*, 478 F. Supp. 2d 1179 (C.D. Cal. 2007)
11  (Carney, J.), which was decided after the issuance of the February 2007 order.  The district
12  court in *Littrell* concluded that the government's decision to seek the death penalty in a RICO
13  prosecution was arbitrary and capricious, therefore violating the Due Process Clause.  Although
14  the defendant intentionally strangled the victim to death at the direction of his prison gang and
15  he showed a continuing pattern of violence, he was a low-level gang member.  A jury then
16  convicted his co-defendant gang leaders of ordering multiple murders but was unable to reach a
17  unanimous death-penalty verdict.  Moreover, the government did not seek the death penalty for
18  gang members who had ordered other murders and had ordered the defendant to kill the victim.
19  *Id.* at 1187–88.  The district court stated that the culpability of co-defendants was one of many
20  mitigating factors the government had to consider.  In the instant action, defendants argue that
21  the government's decision to seek the death penalty here was arbitrary and capricious, in light
22  of the culpability of co-defendants.

23  Again, this order disagrees.  In *Mitchell*, the defendant "assert[ed] that his death
24  sentence violate[d] the Eighth Amendment because he was less culpable than [his co-
25  defendants], neither of whom was sentenced to death.  To the extent his claim rests on a right
26  for inter-case proportionality review, it is foreclosed." *Mitchell*, 502 F.3d at 981.  The Ninth
27  Circuit further cited to Supreme Court authority: "to prevail under the Equal protection Clause,
28  [the defendant] must prove that the decisionmakers in *his* case acted with discriminatory

purpose." *Mitchell*, 502 F.3d at 982 (citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)) (emphasis in original).

In short, although at least some of the movants are not bound by the earlier order (as not yet parties at that time), the fact remains that nothing new of substance has been added to the new motion and the result will be the same. Accordingly, the motion to dismiss the "special findings" from the indictment and to strike the second amended notice of intent to seek the death penalty is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 30, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3