IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT,<br><br>   Defendants.<br>                                                              / | No. CR 05-00167 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE FUTURE DANGEROUSNESS NON-STATUTORY AGGRAVATING CIRCUMSTANCE FROM THE SECOND AMENDED DEATH NOTICE (Dkt. No. 1394)** |

**INTRODUCTION**

In this RICO gang prosecution, defendant Edgar Diaz moves to strike the future dangerousness non-statutory aggravating circumstance from the second amended notice of intent to seek the death penalty. He makes his motion pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments. Emile Fort joins this motion. For the reasons stated below, this motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Twelve defendants were originally charged in this multi-count drugs and firearms conspiracy case. Nine pled guilty and three defendants remain: Raymon Milburn, Edgar Diaz, and Emile Fort. The government filed a second superceding indictment in November 2005 (Dkt. No. 181).

In July 2006, the government filed a notice of intent to seek the death penalty with respect to Mr. Diaz (Dkt. No. 555). The notice alleged that Mr. Diaz possessed the requisite mental states for each charged homicide (of Beverly Robinson, Kenya Taylor, and Antoine

1  Morgan) to justify a sentence of death.  *See* 18 U.S.C. 3591(a)(2).  With respect to these three
2  homicides, the notice alleged statutory aggravating factors (identified under 18 U.S.C. 3592(c))
3  and other, non-statutory aggravating factors (identified under 18 U.S.C. 3593(a)(2)).

4        The notice further alleged four other non-statutory aggravating factors pursuant to
5  18 U.S.C. § 3593(a)(2): (i) participation in additional serious acts of violence;
6  (ii) contemporaneous criminal conduct; (iii) obstruction of justice; (iv) a leadership role in a
7  criminal enterprise; and (v) future dangerousness of the defendant (which encompassed
8  continuing pattern of violence, lack of remorse, low rehabilitative potential, and membership in
9  a criminal enterprise).

10       An order dated January 23, 2007, stated that the government had failed to provide
11 sufficient notice with respect to many of the statutory aggravating factors (Dkt. No. 111).
12 The January 2007 order detailed what the government had to do to bring its death-penalty
13 notice in line.  The government then filed an amended notice of intent to seek the death penalty
14 for Mr. Diaz (Dkt. No. 1177).  There was no third superceding indictment filed, even though the
15 government was given the opportunity to do so.

16       In the amended notice, the government provided some more detail on the facts
17 supporting the mental-state allegations and statutory and non-statutory aggravating factors.
18 It also deleted some statements.  Under "statutory aggravating factors enumerated under
19 18 U.S.C. § 3592(c)" for victim Beverly Robinson, the notice deleted the following sentence:
20 "The defendant committed the offense after substantial planning and premeditation to cause the
21 death of a person.  18 U.S.C. § 2592(c)(9)."  For victim Kenya Taylor, also omitted was this
22 statement: "The defendant committed the offense in an especially heinous, cruel, or depraved
23 manner in that it involved torture or seriously physical abuse to the victim.  18 U.S.C.
24 § 3592(c)(6)."  The amended notice included four of the five other non-statutory aggravating
25 factors, omitting "contemporaneous criminal conduct."

26       On August 14, 2007, another order was issued granting in part, denying in part,
27 and deferring in part defendants' motions to strike the notices of intent to seek the death penalty
28

2

(Dkt. No. 1279). The order noted that "[w]here the government has failed to provide an informative factual outline in support of its factors, as previously ordered to do so, this order grants the government one last change to provide adequate support for the factors included in its notice" (*id.* at 1).

The government filed a second amended notice of intent to seek the death penalty for Mr. Diaz in September 2007 (Dkt. No. 1283). In the second amended notice, the government added references to discovery under the "other, non-statutory, aggravating factors" section, such as: "Information regarding this incident can be found at ME000001 through ME000293s" (*id*. at 8). Some discovery ranges went up to about four thousand pages. On November 20, 2007, an order granted in part and denied in part Mr. Diaz's motion to strike the second amended notice (Dkt. No. 1320). The order found that referencing large ranges of discovery did not provide sufficient notice.

For the purposes of the instant motion, however, this order only focuses on the future-dangerousness factor, which Mr. Diaz seeks to strike from the death notice. The November 2007 order held that the notice sufficiently showed the relevance of the future-dangerousness allegation to the risk defendants posed to members of the prison population. The same order, however, did point out some failings in the "continuing pattern of violence" sub-factor and the government's use of arrests. Specifically, with respect to the arrests, the November 2007 order stated (*id.* at 13):

> The Ninth Circuit held in *United States v. Durham*, 995 F.2d 936, 938 (9th Cir. 1993), that a "court may not consider a prior arrest record itself" in departing from the applicable guideline range" (citations omitted). It clarified that the sentencing court could rely on police reports, which covered "all aspects of a prosecuted offense," in contrast to an arrest record, which "simply records an arrest." *Id*. at 935 n.1.
>
> \*   \*   \*
>
> This order finds that evidence of prior similar adult criminal *conduct* can be relevant in determining defendants' future dangerousness. But the government cannot simply list their arrests. The Court will give the government the opportunity to move to amend the notices to state *the conduct underlying the arrests*.

3

The government was given fourteen days to file a motion seeking leave to file a further amended notice. It never filed such a motion.

**ANALYSIS**

Mr. Diaz now requests that the future-dangerousness non-statutory aggravating factor be stricken from the death notice. He bases his request on two grounds: *first*, the government failed to allege "grave criminal behavior" and only relied on raw arrest data, which was already ruled to be insufficient; and *second*, the factor is overbroad, unreliable as applied to Mr. Diaz, and incapable of consistent application. As the government stated in its opposition, this issue has been previously argued and ruled upon, specifically by the recent November 2007 order (Dkt. No. 1320). Consequently, this order adopts its previous rulings and strikes any factor or sub-factor left unamended by the government.

Because the November 2007 order found the future-dangerousness factor sufficiently relevant, it is not stricken from the death notice. *See California v. Ramos*, 463 U.S. 992 (1983) (holding that a jury's consideration of the factor of future dangerousness was upheld in *Jurek v. Texas*, 428 U.S. 262 (1976)). The same cannot be said about the "continuing pattern of violence" sub-factor, however. The "continuing pattern of violence" sub-factor for Mr. Diaz was ordered stricken because the government failed to specify the conduct underlying the listed arrests. This sub-factor remains stricken. In addition, the November 2007 order stated that the government could not simply list arrests. The government was given the opportunity to "amend the notices to state the conduct underlying the arrests." It never did so. The arrests, and the sub-factors supported by these arrests, are ordered stricken from the death notice.

**CONCLUSION**

In accordance with its earlier order, the motion to strike "future dangerousness" from the second amended notice of intent to seek the death penalty is **GRANTED IN PART AND DENIED IN PART**. As stated, the "continuing pattern of violence" sub-factor is still stricken, per the November 2007 order. The arrests and sub-factors supported by the arrests are also stricken.

**IT IS SO ORDERED.**

Dated: May 29, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4