IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT,<br><br>Defendants. | No. CR 05-00167 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION FOR NAMES AND ADDRESSES OF VENIRE PERSONS AND GOVERNMENT WITNESSES (Dkt. No. 1381)** |

In this capital RICO prosecution, defendants Edgar Diaz and Emile Fort move for an order requiring the government to provide the names and addresses of government witnesses ninety days before trial and of venirepersons three days before trial. The government opposed the motion on the ground that such a list would jeopardize the life or safety of other individuals. According to 18 U.S.C. 3432 (emphasis added):

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, *except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.*

A few days before defendants' reply memorandum was due, the Ninth Circuit held that a district court had the authority to issue a pretrial order requiring the government to disclose a finalized list of witnesses in a criminal action one year before trial. This was in a case not

involving Section 3432 and relying on the general case management authority of the judge. *United States v. W.R. Grace*, ___ F.3d ___, 2008 WL 2052204, *7 (9th Cir. 2008) (en banc). Because the government was unable to address *W.R. Grace*, the Court deferred ruling on the motion until the government had an opportunity to respond.

The government now argues that *W.R. Grace* does not apply here because it does not address a situation in which witnesses' safety would be placed at risk if a witness list were disclosed before trial. In *W.R. Grace*, a mine operator and current and former employees were indicted for conspiracy to violate the Clean Air Act and to defraud the United States, wire fraud, and obstruction of justice. Here, by contrast, defendants are being prosecuted for RICO violations, dealing in drugs and firearms, and committing homicides. They face the death penalty. Disclosure of civilian names poses a greater safety risk to civilian witnesses. Furthermore, the government maintains, the prosecutor (and not a court) has the power to determine how far ahead of trial to disclose the Section 3432 witness list. The government therefore proposes identifying witnesses the Friday before their direct testimony.

In light of *W.R. Grace* and Section 3432, this order must strike the balance between giving defendants the ability to defend themselves and protecting witnesses. "There is a 'well established' principle that '[d]istrict courts have inherent power to control their dockets' . . . Other circuits that have addressed a district court's authority to require the government to disclose its witness list in advance of trial have agreed that the court may do so." *W.R. Grace*, 2008 WL 2052204 at *7–8. The Ninth Circuit further stated that "There was no suggestion that Congress intended to bar district courts from exercising their discretionary authority to order pretrial discovery and disclosures from the government under terms and conditions that courts normally use to manage the fair and efficient conduct of trials. Rather, Congress was concerned that a mandatory disclosure rule would discourage government witnesses from testifying and lead to witness intimidation. Congress said nothing about the district court's *discretion* to order such a pretrial disclosure, subject to the court's ability to tailor disclosures to specific concerns in a particular case, including the use of protective orders." *Id.* at *11.

2

It is clear that *W.R. Grace* emphasizes the broad discretion conferred to district courts in ordering the disclosure of witness lists in advance of a criminal trial. The question is whether Section 3432 supersedes a court's ability to do so in capital cases. That would, however, be topsy-turvy. In a capital case, the defendant's life is at stake, and even greater safeguards are needed to ensure a fair proceeding, a point of Section 3432 being to provide disclosure, not to take it away. It would be strange for a criminal defendant facing the death penalty to enjoy fewer procedural safeguards than an ordinary criminal defendant not facing the death penalty (but who also poses a safety threat to witnesses). Accordingly, this order rejects the government's crabbed view of Section 3432.

This order also rejects the government's argument that only the government can determine how far in advance of the three days to disclose witness lists. Nothing in Section 3432 so provides and there is no caselaw supporting the government's argument. Against the holding in *W.R. Grace*, the district court can exercise its discretionary authority to order pretrial disclosures from the government in a criminal prosecution. For the foregoing reasons, defendants' motion for the names and addresses of venirepersons and government witnesses is **GRANTED IN PART AND DENIED IN PART**, subject to the following important condition.

As defined in the 2006 protective order (Dkt. No. 470), the term "primary witnesses" means those potential trial witnesses shown by the government to be at heightened risk. The term "secondary witnesses" means all other potential trial witnesses. Primary witnesses should be disclosed to the defense by **FRIDAY, NOVEMBER 14, 2008** (which is three days before the start of trial). Secondary witnesses should be disclosed to the defense by **MONDAY, NOVEMBER 3, 2008** (which is fourteen days before the start of trial).

This order emphasizes that the disclosure will be for *attorney's eyes only* and one investigator per defendant, subject to agreement on a secure protective order. Defense counsel and investigators must be sworn to uphold the protective order before any disclosure is made. Both sides are ordered to meet *in person* on or before **JUNE 20, 2008**, and to work out a protective order in written form. This order finds that with a strict, written protective order in place, the foregoing information may be provided to defense counsel without jeopardizing the

3

safety of any civilian witness. All non-civilian witnesses must be disclosed by **OCTOBER 3, 2008**, without the necessity for a protective order, unless required by earlier order to be disclosed sooner.

**IT IS SO ORDERED.**

Dated: June 3, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4