IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON MILBURN, EDGAR DIAZ, and EMILE FORT,<br><br>Defendants.<br>_____ / | No. CR 05-00167 WHA<br><br>**ORDER DENYING DEFENDANT DIAZ'S MOTION FOR MULTI-PHASE TRIAL (Dkt. No. 1446)** |

**INTRODUCTION**

In this RICO prosecution, defendant Edgar Diaz is one of the three remaining defendants who have not pled guilty to charges of conspiracy, drug distribution, possession of firearms, and homicide. The trial is set for November 2008. He now moves for an order dividing the trial into three or four phases. The government, on the other hand, opposes the motion on the ground that the Federal Death Penalty Act only requires two phases — for guilt and punishment. Defendant Emile Fort joins Diaz's motion. For the reasons stated below, Diaz's motion for a multi-phase trial is **DENIED**.

**STATEMENT**

In March 2005, San Francisco Police Department officers arrested defendant Edgar Diaz. He was charged in a federal eighty-six count second superseding indictment with conspiracy to distribute fifty grams or more of cocaine base, marijuana, and ecstasy; conspiracy

to participate in a racketeer influenced and corrupt organization; conspiracy to use, carry, and possess firearms during and in relation to a drug conspiracy; the murders of Beverly Robinson, Kenya Taylor, and Antoine Morgan; the conspiracy to murder members of the Up-the-Hill and Towerside gangs and Jamaar Jackson; the armed assaults of Paulette Jackson and Cordis Webb; the attempted murders of Monique Jones, Jamar Nelson, Gowan McLin, and Avery Clark; the conspiracy to tamper with witness Jamaar Jackson; possession with intent to distribute drugs; and using, carrying, and possessing a firearm during and in relation to a crime of violence.

In July 2006, the government filed a notice of intent to seek the death penalty against Diaz. Since then, the notice has been amended twice. Diaz now moves to have a multi-phase trial on the ground that the FDPA unfairly denies capital defendants trial protections normally available to non-capital defendants. He seeks a four-stage trial only in the event that the government files a third amended death notice re-alleging the "continued pattern of violence" subpart of the future dangerousness factor. Otherwise, Diaz seeks a trifurcated trial.

**ANALYSIS**

**1. DOES THE FDPA COMBINE PROOF OF GUILT WITH DETERMINATION OF PUNISHMENT?**

Defendant argues that the FDPA improperly combines the guilt phase with the punishment phase. The Supreme Court has held that "aggravating circumstances that make a defendant eligible for the death penalty 'operate as the functional equivalent of an element of a *greater offense*.' [. . .] Accordingly, [in *Ring v. Arizona*, 536 U.S. 588 (2002)] we held that the Sixth Amendment requires that a jury, and not a judge, find the existence of any aggravating circumstances, and that they be found, not by a mere preponderance of the evidence, but beyond a reasonable doubt." *Sattazahn v. Pennsylvania*, 537 U.S. 101, 111 (2003). In addition, a defendant must have had the requisite mental state to have committed the crime. 18 U.S.C. 3591. The FDPA, however, does not require a finding of a statutory aggravating factor or the necessary mental state until the sentencing hearing.

Defendant says that this is improper. "[T]hose intent and aggravating factors which the government intends to rely upon to render a defendant death-eligible under the FDPA are the

2

1 functional equivalent of elements of the capital offenses and must be charged in the indictment,
2 submitted to the petit jury, and proved beyond a reasonable doubt." *United States v. Higgs*,
3 353 F.3d 281, 298 (4th Cir. 2003). In addition, a jury cannot be asked to impartially decide all
4 of these factors, given their prejudicial effect, defendant says. For example, in *United States v.*
5 *Johnson*, 362 F.Supp.2d 1043, 1107 (N.D. Iowa 2005), the Honorable Mark Bennett stated,
6 "I can say, without hesitation, that the 'victim impact' testimony presented in Honken's trial
7 was the most forceful, emotionally powerful, and emotionally draining evidence that I have
8 heard in any kind of proceeding in any case, civil or criminal, in my entire career as a practicing
9 trial attorney and federal judge spanning nearly 30 years." Diaz says that the prejudicial nature
10 of this kind of evidence requires a multi-phase trial.

11 Diaz then requests that the Court follow what the district court did in *Johnson*, when it
12 split the trial into more than two phases. The controlling statute in *Johnson* was 21 U.S.C. 848,
13 which provided the penalties and forfeitures for individuals who engaged in a continuing
14 criminal enterprise. The district court reasoned that, while the statute "expressly provides for
15 only a 'bifurcated' proceeding — consisting of a 'guilt' or 'merits' phase and a separate
16 'sentencing' or 'penalty' phase — the court nevertheless finds that the 'trifurcation' that
17 [defendant] seeks is not necessarily inconsistent with the statutory scheme." *Id*. at 1104.
18 In *Johnson*, the court trifurcated the proceedings to avoid potential unfair prejudice,
19 jury confusion and misdirection. If the defendant were convicted during the "merits" phase,
20 the sentencing proceeding would then be divided into two parts: an "eligibility" phase for
21 determining "gateway" and "statutory" aggravating factors for the defendant to be eligible for
22 the death penalty, and a "penalty" phase for determining the appropriate penalty (which would
23 take into account "non-statutory" aggravating factors, mitigating factors, and the balance of all
24 factors to recommend a life or death sentence). *Id.* at 1104–11.[1]

---

[1] Diaz cites other capital cases where the district court trifurcated proceedings. *See United States v. Lecco*, 2007 WL 894567, *2 (S.D.W.Va. 2007) (Copenhaver, J.); *United States v. Natson*, 444 F. Supp. 2d 1296, 1309 (M.D. Ga. 2006) (Land, J.); *United States v. Jordan*, 357 F. Supp. 2d 889, 903–04 (E.D. Va. 2005) (Hudson, J.); *United States v. Bodkins*, 2005 WL 1118158, *4 (W.D. Va. 2005) (Conrad, J.); *United States v. Mayhew*, 380 F. Supp. 2d 936 (S.D. Ohio 2005) (Marbley, J.); and *United States v. Solomon*, 2007 WL 1228029 (W.D. Pa. 2007) (McVerry, J.). While it is true that district courts have had the discretion to order a multi-phase

3

1   This order finds defendant's argument unpersuasive.  Indicating that only two phases are
2   necessary for a capital case, the FDPA provides:

> A defendant who has been found guilty of . . . (2) any other offense for which a sentence of death is provided, if the defendant, as determined beyond a reasonable doubt *at the hearing under section 3593* [had the gateway intent factors], shall be sentenced to death if, after consideration of the factors set forth in section 3592 *in the course of a hearing held pursuant to section 3593*, it is determined that imposition of a sentence of death is justified.

18 U.S.C. 3591(a) (emphasis added).  Section 3592 discusses mitigating and aggravating factors to be considered in determining whether a sentence of death is justified.  Section 3593 provides for a "special *hearing* to determine whether a sentence of death is justified" and lays out the procedures for such a hearing.

Section 3593(b) describes the sentencing hearing: "If the attorney for the government has filed a notice as required under subsection (a) and the defendant is found guilty or pleads guilty to an offense described in section 3591, the judge who presided at the trial or before whom the guilty plea was entered, or another judge if that judge is unavailable, shall *conduct a separate sentencing hearing* to determine the punishment to the imposed."  This hearing, of course, must also be before a jury.  Section 3593(c) then describes how proof of mitigating and aggravating factors is presented.  The subsection states, in relevant part, "*At the sentencing hearing*, information may be presented as to any matter relevant to the sentence, including any mitigating or aggravating factor permitted or required to be considered under section 3592."

Similarly, an earlier order dated February 28, 2007, also noted that the FDPA spoke of two phases: "Before a death sentence may be imposed, the defendant must first be convicted of an offense for which death is a prescribed sentence.  Upon conviction of such an offense, a separate sentencing hearing must be held.  At that hearing, the government may present evidence in support of the aggravating factors for which it has given notice and the defendant may present evidence of mitigating factors. 18 U.S.C. 3593(b), (c)" (Dkt. No. 1157 at 2).  And, although it did not expressly address this issue, the Ninth Circuit in *United States v.*

---

trial even though the FDPA only provides for two phases, no decision has held that two phases are *per se* insufficient.

4

*Mitchell*, 502 F.3d 931, 1007 (9th Cir. 2007), cited *Rice v. Wood*, 77 F.3d 1138 (9th Cir.1996) (en banc), which observed that a capital defendant's trial "was bifurcated into separate guilt and sentencing phases, with the same jury sitting in both."

Even assuming *arguendo* that a district court has the discretion to order a three-phase or four-phase trial, there is no need here; Diaz has not presented good cause to deviate from the procedures set forth in the FDPA. For example, while victim-impact evidence may generate powerful emotions, Congress has still approved of its use by the government: "The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information." 18 U.S,C. 3593(a). *See also Mitchell*, 502 F.3d at 968 (finding that the victim impact evidence "was not so plainly inflammatory that it should have been excluded *sua sponte*"). Accordingly, this order finds that there is no unfairness created by a two-phase capital trial.

### 2.  ARE THERE EVIDENTIARY PROBLEMS UNDER THE FDPA?

Diaz next contends that evidentiary problems abound in an FDPA sentencing hearing. He says that most federal rules of evidence are abandoned, much to the detriment of a capital defendant. Evidence introduced during the sentencing hearing has little relevance, and includes inadmissible character evidence and hearsay. Furthermore, the evidentiary rules that remain indicate that evidence relevant to non-statutory aggravating factors (*e.g.*, victim impact testimony) has little probative value on gateway factors, statutory aggravating factors, or allegations of un-adjudicated criminal activity.

Again, this order disagrees. The Ninth Circuit in *Mitchell* disposed of a similar argument. It stated:

> [The defendant] also submits that the FDPA's procedural protections are inadequate because the Act authorizes admission of evidence at the penalty phase that would not be admissible under the Federal Rules of Evidence, and that § 3593(c), allowing information without regard to its admissibility under the rules for admission of evidence at criminal trials, violates due process and the Confrontation Clause. The Rules of Evidence do not apply to sentencing proceedings. To the extent [the defendant] suggests

5

> that they, or similar constraints, constitutionally must apply, we disagree. While capital punishment demands increased reliability, "the Supreme Court has ... made clear that in order to achieve 'such heightened reliability,' more evidence, not less, should be admitted on the presence of aggravating and mitigating factors[.]" Moreover, the FDPA allows the district judge to exclude evidence if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. This provides a constitutionally sufficient procedural safeguard for evidentiary reliability.

*Mitchell*, 502 F.3d at 979–80. Following the lead of the Ninth Circuit, this order finds that the balancing of probative value and prejudice on a case-by-case basis provides a sufficient procedural safeguard for any evidentiary issues that might arise. A multi-phase trial is not necessary.

## CONCLUSION

For the foregoing reasons, the motion for a multi-phase trial is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 24, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6