UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>EDGAR DIAZ,<br><br>  Defendant. | No. CR 05-00167 WHA<br><br>**ORDER GRANTING IN PART PARTIES' STIPULATION RE: SENTENCE REDUCTION** |

In January 2009 defendant Edgar Diaz pled guilty to one count of RICO conspiracy in connection with his activities as a member of the "Down Below Gang." Defendant negotiated a term of 480 months' imprisonment, to be followed by five years of supervised release, through a "C" plea. In August 2024 defendant moved for a sentence reduction under U.S.S.G. Amendment 821 and 18 U.S.C. Section 3582(C)(2) (Dkt. No. 2297). He argued for an eight-year reduction to 384 months. After several delays in briefing, the parties submitted a joint stipulation for a sentence reduction, down to 405 months (Dkt. No. 2308 at 3). A November order set a hearing for oral argument and requested supplemental briefing concerning defendant's victims, rehabilitation, and restitution, if any (Dkt. No. 2311). Oral arguments were heard, in person, in December 2024. This order follows.

The Supreme Court has explained that Section 3582(c)(2) of Title 18 provides "a narrow exception to the rule of finality[:]"

> When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while "leav[ing] all other guideline application decisions unaffected." § 1B1.10(b)(1). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "after considering the factors set forth in section 3553(a) to the extent that they are applicable."

*Dillon v. United States*, 560 U.S. 817, 821–22 (2010). The relevant inquiry has two steps:

> *First*, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10. *Second*, a district court must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (internal quotation marks, citations omitted; emphasis added).

*First,* all agree that defendant is eligible for a sentencing reduction under Amendment 821 to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(d). That amendment, made retroactive by the Sentencing Commission in August 2023, had the effect of reducing (1) defendant's Criminal History Category, from III to II, and (2) his guideline range, from 360 months to life to 324 – 405 months (Dkt. No. 2308).

*Second*, considering the guideline adjustment and defendant's good progress towards rehabilitation, a sentence reduction of four years is warranted, from 480 months to 432 months.

The reduction stipulated to by the parties (to 405 months) goes too far. True, defendant's sentence guideline has changed, but it was never the driving factor behind his sentence: The seriousness and number of his crimes were. For example, defendant admitted that he and his comrades sought out and harassed Beverly Robinson over a missing gun, and that when

Robinson attempted to flee, the group gunned him down (Dkt. No. 1641 at 9). Defendant placed himself at the center of two more murders, four attempted murders, and four conspiracies to murder, in addition to several drug-related crimes and a robbery. Nor is that the full scope of it: The plea concedes that defendant committed the admitted acts "*in addition to numerous others*" (Dkt. No. 1641 at 8).

Defendant took care not to admit to being the trigger man in any one instance. For example, as to Kenya Taylor, he admitted: "On June 25, 2004, at approximately 11:11 p.m. near 37 Blythedale in the Sunnydale Housing Projects in San Francisco, California[ ] DBG members shot and killed Kenya Taylor. . . . I was there as a DBG member, and I knew Taylor was going to be killed at that time" (Dkt. No. 1641 at 10). His plea nevertheless made clear that, as an "enforcer" in DBG, he was at the heart of a murderous rampage.

The seriousness of the underlying conduct, the need for adequate deterrence, and the need to protect the public do not allow for a sentence any lower than 432 months.

The parties' stipulation is **GRANTED IN PART**. Defendant's sentence is reduced to 432 months.

**IT IS SO ORDERED.**

Dated: February 12, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE